UNITED STATES of America,
Plaintiff–Appellee,

v.

Harry Jarmar GORDON, Defendant–Appellant.

No. 92–4151.

United States Court of Appeals,
Tenth Circuit.

Sept. 21, 1993.

Robert L. Booker, Booker & Associates, Salt Lake City, UT, for defendant-appellant.

Bruce C. Lubeck, Asst. U.S. Atty. (David J. Jordan, U.S. Atty., with him, on the brief), Salt Lake City, UT, for plaintiff-appellee.

Before MOORE, ANDERSON, and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant Harry Jarmar Gordon was indicted on sixteen counts of aiding and abetting the distribution of a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(C); 18 U.S.C. § 2, and one count of aiding and abetting the manufacture of a controlled substance. 21 U.S.C. § 841(a)(1), (b)(1)(B); 18 U.S.C. § 2. In exchange for the dismissal of all other counts, Defendant pleaded guilty to count twelve of the indictment—aiding and abetting the distribution of a controlled substance. Defendant now seeks to withdraw the plea.

Upon pleading guilty, Defendant signed a document entitled "Statement by Defendant in Advance of Plea of Guilty" ("the Statement"). The Statement set forth, in part, that Defendant would be sentenced under the Sentencing Guidelines, and that the final calculation by the court may differ from any calculation made by the government or Defendant's attorney. Thereafter, the court conducted a hearing to accept Defendant's guilty plea. At the hearing, the court reread the Statement to Defendant and he indicated that he understood it. The court informed Defendant—and he again stated that he understood—that even if his sentence differs from the calculation made by his attorney, he would not be permitted to withdraw his plea. The court also explained to Defendant that at the time of sentencing, "the court can and will consider all available information including factual data relating to any counts dismissed or about to be dismissed." At the conclusion of the hearing, the court accepted Defendant's guilty plea, determining that the "plea is made freely and voluntarily with full knowledge of his legal rights and also the consequences of a plea of guilty to this particular charge."

Prior to sentencing, the United States Probation Department prepared a presentence report. The report indicated that Defendant served as a "middleman" by introducing an undercover officer to various persons who sold cocaine base to that officer on various occasions. Many of those transactions represented activity underlying the dismissed counts of the indictment, and the presentence report recommended an offense level which included the quantity of drugs involved in these dismissed counts as relevant conduct. Inclusion of these quantities added six levels to Defendant's offense level. The presentence report further concluded that, because Defendant attempted to minimalize his participation in the criminal conduct during his presentence interview, Defendant was not entitled to a two level downward adjustment for acceptance of responsibility.

Prior to sentencing, Defendant's original counsel objected to the presentence report's recommended inclusion of the relevant conduct and the report's failure to recommend an acceptance of responsibility adjustment. Sentencing was originally scheduled for April 30, 1992, but Defendant failed to appear. The court issued a bench warrant for his arrest, and Defendant was later arrested. Original counsel made an appearance at the April 30, 1992 sentencing hearing and filed a motion to withdraw Defendant's guilty plea stating, "[D]efendant was not advised of the effect that relevant conduct of the other counts would have in increasing his guideline sentence from the anticipated five-seven years to a sentence in excess of thirteen years." Two days later, original counsel filed a motion to withdraw as Defendant's counsel, and filed an affidavit with the court in which he stated that, prior to Defendant's plea of guilty, he had informed Defendant that "it was [original counsel's] opinion that [Defendant] would not be assessed the relevant conduct adjustment for the drugs involved in all remaining counts."

On May 21, 1992, original counsel was permitted to withdraw and present counsel was appointed. Prior to the rescheduled sentencing date, present counsel filed a supplemental motion to withdraw Defendant's guilty plea pursuant to Fed.R.Crim.P. 32(d). The bases for Defendant's supplemental motion were ineffective assistance of original counsel and discovery of a new witness. After a hearing, the court denied Defendant's motion and, accepting the presentence report's recommendations, sentenced Defendant to 151 months imprisonment to be followed by four years of supervised release.

On appeal, Defendant asserts that his guilty plea was involuntary and unknowing due to original counsel's ineffective assistance as evidenced by original counsel's (1) failure to inform Defendant that relevant conduct would be considered in his sentencing, (2) failure to inform Defendant of his Fifth Amendment privilege against self-incrimination during the presentence interview, and (3) failure to obtain disclosure of Defendant's presentence report and request an evidentiary hearing. Defendant also claims that the district court abused its discretion by denying Defendant's Fed.R.Crim.P. 32(d) motion to withdraw his guilty plea. Finally, Defendant claims that his Fifth Amendment

rights were violated because statements he made during the presentence interview were used against him.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.

## I.

As a threshold matter, we must determine whether Defendant's ineffective assistance of counsel claims are appropriately addressed on direct appeal.

In *Beaulieu v. United States*, 930 F.2d 805, 806–07 (10th Cir.1991), we recognized that the preferred avenue for challenging the effectiveness of counsel in a federal criminal case was via collateral attack. *Id.* at 806. This is so because a defendant often does not know he has a meritorious ineffective assistance claim until collateral proceedings are begun, and because ineffective assistance claims often require consideration of evidence not yet in the record on direct appeal. *Id.* at 807. Consequently, as a general rule, we will not resolve an ineffective assistance of counsel claim on direct appeal when the claim has not been raised before the district court. *Id.* There are rare instances, however, when we will entertain an ineffective assistance of counsel claim on direct appeal, including, inter alia, where the record is sufficient, or where the claim simply does not merit further factual inquiry. *Id.*

In the instant case, we will address Defendant's ineffective assistance of counsel claims in turn.[2] We address Defendant's claims regarding original counsel's failure to inform him that relevant conduct would be considered in sentencing because the record is sufficiently developed and the issue was raised in the district court. Further, because they do not merit further factual inqui-

ry, we resolve Defendant's claims concerning original counsel's failure to inform him of his Fifth Amendment rights during the presentence interview, and original counsel's failure to obtain disclosure of Defendant's presentence report and request an evidentiary hearing.

We review a challenge to a guilty plea based on a claim of ineffective assistance of counsel using the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Under this test, the defendant must show that his counsel's performance "fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065, and that the deficient performance resulted in prejudice, *id.* at 691, 104 S.Ct. at 2066. To show prejudice in the guilty plea context, the defendant must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370.

Defendant has failed to show that original counsel's failure to predict the relevant conduct inclusion in his offense level constituted ineffective assistance of counsel entitling him to relief. A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel. *See United States v. Estrada*, 849 F.2d 1304, 1307 (10th Cir.1988); *Wellnitz v. Page*, 420 F.2d 935, 936 (10th Cir.1970); *see also Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir.1990), *cert. denied*, 499 U.S. 940, 111 S.Ct. 1398, 113

---

1. Defendant also claims that the district court erred by denying his motion to supplement the record with information necessary to pursue a selective prosecution argument. As the government points out, however, no such motion was ever filed with the district court. Rather, Defendant filed the motion with this court, and we denied the motion stating, "[t]his court may not consider a selective prosecution argument raised for the first time on appeal." *See United States v. Gordon*, No. 92–4151 (10th Cir. May 6, 1993) (order denying Appellant's motion to supplement the record).

2. In response to questions from the panel during oral argument, defense counsel acknowledged that because we address Defendant's ineffective assistance of counsel claims on direct appeal, Defendant is foreclosed from pursuing 28 U.S.C. § 2255 review of these same issues in the future. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir.1989) (absent intervening change in law, issues disposed of on direct appeal are not considered on 2255 collateral attack).

L.Ed.2d 454 (1991); *United States v. Arvanitis*, 902 F.2d 489, 494 (7th Cir.1990). Moreover, Defendant has failed to establish that he suffered prejudice from original counsel's inaccurate sentence prediction. Prior to accepting his guilty plea the district court explained that the court's final calculation of Defendant's sentence may differ from any calculation made by his attorney, and the court also explained that in computing Defendant's sentence, "the court can and will consider all available information including factual data relating to any counts dismissed or about to be dismissed." *See Doganiere*, 914 F.2d at 168 (attorney sentence miscalculation does not result in prejudice where court had explained that it retained discretion as to what sentence would be). Given the fact that Defendant pleaded guilty even after being so informed by the court, his mere allegation that, but for original counsel's failure to inform him about the use of relevant conduct in sentencing, he would have insisted on going to trial, is insufficient to establish prejudice. *See Arvanitis*, 902 F.2d at 494 (defendant's allegation that he would have insisted on going to trial insufficient to show prejudice).

■ Defendant's second claim of ineffective assistance of counsel involves original counsel's failure to inform him of his Fifth Amendment privilege against self-incrimination during his presentence interview with the probation officer. Defendant claims that because original counsel did not so inform him, he cooperated with the probation officer during the presentence interview. Because, in answering the probation officer, Defendant attempted to minimalize his role in the drug transactions, the presentence report recommended that he was not entitled to a two-level downward adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1.

Of the circuits that have directly addressed the issue, all have held that a criminal defendant does not enjoy a Sixth Amendment right to counsel at the presentence interview stage. *See United States v. Tisdale*, 952 F.2d 934, 939–40 (6th Cir.1992); *United States v. Hicks*, 948 F.2d 877, 885–86 (4th Cir.1991); *United States v. Jackson*, 886 F.2d 838, 843–44 (7th Cir.1989); *Brown v.*

*Butler*, 811 F.2d 938, 940–41 (5th Cir.1987); *Baumann v. United States*, 692 F.2d 565, 577–78 (9th Cir.1982). *But cf. United States v. Cortes*, 922 F.2d 123, 127–28 (2d Cir.1990) (implying without deciding that, given the adoption of Sentencing Guidelines, defendant may have right to counsel at presentence interview stage); *United States v. Herrera–Figueroa*, 918 F.2d 1430, 1433 (9th Cir.1990) (declining to decide whether *Baumann* applies to sentences under the Sentencing Guidelines). No circuit has explicitly adopted the contrary position. *Tisdale*, 952 F.2d at 940.

■ The Sixth Amendment guarantees a criminal defendant the right to counsel during the critical stages of an adversarial proceeding. *Kirby v. Illinois*, 406 U.S. 682, 690, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). The right to counsel also applies at critical stages in the sentencing phase of a criminal prosecution. *Mempa v. Rhay*, 389 U.S. 128, 137, 88 S.Ct. 254, 258, 19 L.Ed.2d 336 (1967). "[T]he focus of the constitutional protection of right to counsel relates to the adversary character of criminal proceedings and the particular process involved." *Jackson*, 886 F.2d at 843. In *Kirby*, the Supreme Court emphasized that the right to counsel attaches only at "critical stages of the *prosecution.*" *Id.* at 690, 92 S.Ct. at 1882. Further, the Supreme Court has stated that it has been responsive to Sixth Amendment right to counsel claims that "*governmental* conduct has rendered counsel's assistance to the defendant ineffective." *United States v. Morrison*, 449 U.S. 361, 364, 101 S.Ct. 665, 667, 66 L.Ed.2d 564 (1981) (emphasis added). Therefore, whether a presentence interview by a probation officer is a critical stage of the proceedings "depends upon the nature of the probation officer's role in sentence determinations." *Jackson*, 886 F.2d at 844.

■ As we stated in *United States v. Rogers*, 921 F.2d 975, 979–82 (10th Cir.1990), the probation officer acts as an agent of the court charged with assisting the court in arriving at a fair sentence. The probation officer is not an agent of the prosecution. *Id.* The probation officer has no adversarial role in the sentencing proceedings; rather, the officer acts as a neutral information gath-

**1572**

erer for the judge. *Jackson,* 886 F.2d at 844. Moreover, while the Sentencing Guidelines have significantly altered the sentencing process, determining the facts in fashioning the appropriate sentence for a defendant remains within the province of the judge. *Id.* Likewise, the advent of the Guidelines has not altered the probation officer's fundamental role as an agent of the court. *Id.* Because the probation officer does not act on behalf of the government, we join those circuits that have concluded that the presentence interview is not a critical stage of the proceeding within the meaning of the Sixth Amendment. *See e.g., Tisdale,* 952 F.2d at 939–40; *Jackson,* 886 F.2d at 843–44. Given that Defendant had no Sixth Amendment right to the presence or advice of counsel during the presentence interview, he cannot obtain relief for original counsel's failure to inform him of his Fifth Amendment right to refuse to answer the probation officer's presentence interview questions. *See Wainwright v. Torna,* 455 U.S. 586, 587–88, 102 S.Ct. 1300, 1301–02, 71 L.Ed.2d 475 (1982) (per curium) (must have right to counsel to obtain relief for ineffective assistance of counsel).

Defendant's final ineffective assistance of counsel claim involves original counsel's alleged failure to obtain disclosure of Defendant's presentence report and request an evidentiary hearing. Defendant claims that original counsel allowed the report to remain undisputed, and in doing so exposed Defendant to "a prison term that is possibly seven years longer than that which he would have otherwise received." We disagree.

At the outset, we reject Defendant's claim that original counsel failed to obtain disclosure of Defendant's presentence report, because this claim is not supported by the record. The record reflects that original counsel not only obtained disclosure of the report, he also filed objections to the report. We also reject Defendant's contention regarding original counsel's failure to request an evidentiary hearing. Defendant's brief represents that at the sentencing hearing, present counsel impliedly requested an evi-

dentiary hearing. Therefore, without deciding whether the failure to seek an evidentiary hearing was objectively unreasonable, we conclude that because present counsel sought an evidentiary hearing, Defendant was not prejudiced by original counsel's failure to do so.

## II.

Defendant claims that the district court abused its discretion by denying Defendant's Fed.R.Crim.P. 32(d) motion to withdraw his guilty plea. Prior to sentencing, Defendant sought to withdraw his plea based upon the alleged ineffective assistance of original counsel, outlined *supra* part I, and based upon the discovery of new evidence. The alleged new evidence is the discovery of the whereabouts of a witness whom Defendant claims could "establish [Defendant's] innocence in several counts against him and lower the level of his involvement in others, which would directly affect the sentence of [Defendant] under the [ ] Sentencing Guidelines." [3]

Fed.R.Crim.P. 32(d) provides in pertinent part: "[i]f a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Defendant has the burden of establishing that there is a fair and just reason for allowing withdrawal of his guilty plea, and in determining whether Defendant has met this burden, we consider the following factors: (1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources. *United States v. Elias,* 937 F.2d 1514, 1520 (10th Cir.1991). "It is within the sound discretion of the [district] court to determine what circumstances justify granting such a motion." *United States v. Wade,* 940 F.2d 1375, 1377 (10th Cir.1991) (citation omitted). We review a district court's denial of a motion to withdraw a guilty plea for

**3.** Defendant also contends that this discovery of new evidence entitles him to a new trial under Fed.R.Crim.P. 33. Because Defendant pleaded

guilty, however, Rule 33 is inapplicable. *See United States v. Lambert,* 603 F.2d 808, 809 (10th Cir.1979).

abuse of discretion, and we will not reverse unless the defendant can show that the court acted unjustly or unfairly. *Id.*

Defendant's first contention—*i.e.,* that original counsel's ineffective assistance is a fair and just reason for withdrawal of his guilty plea—fails in light of our conclusion, *supra* part I, that Defendant did not receive ineffective assistance of counsel. We also reject Defendant's claim of new evidence as a basis for withdrawing his plea. Defendant has never asserted that he is innocent of the count to which he pleaded guilty, and Defendant admits that the alleged new witness could not offer any testimony concerning this count. *See United States v. Ramos,* 810 F.2d 308, 312 (1st Cir.1987) (motion to withdraw can be denied if defendant fails to raise cognizable defense to charges). Furthermore, although the government concedes that there was no undue delay in the filing of Defendant's motion and that prejudice to the government is not great, Defendant received assistance of counsel and the district court ensured that Defendant's plea was voluntary and knowing by meticulously complying with the requirements of Fed.R.Crim.P. 11. Moreover, Defendant's essential complaint is with the length of his sentence, and dissatisfaction with the length of a sentence is an insufficient reason to withdraw a plea. *See Elias,* 937 F.2d at 1520. Under these circumstances, we cannot say that the district court acted unjustly or unfairly in denying Defendant's motion to withdraw his guilty plea.[4]

### III.

Finally, Defendant claims that he was denied his Fifth Amendment privilege against self-incrimination because the statements he made to the probation officer, in which he attempted to minimalize his participation in the criminal conduct, were used against him to deprive him of a two level downward adjustment for acceptance of responsibility. Defendant's claim is without merit.

The Fifth Amendment privilege against compelled self incrimination is not

self-executing, it must be invoked. *United States v. Rogers,* 921 F.2d 975, 979 (10th Cir.1990). If a defendant makes disclosures instead of claiming the privilege, "the government has not 'compelled' him to incriminate himself." *Garner v. United States,* 424 U.S. 648, 654, 96 S.Ct. 1178, 1182, 47 L.Ed.2d 370 (1976). Defendant did not invoke the privilege; rather, he chose to offer his own version of events to the probation officer, which version, incidentally, served to paint Defendant in a positive light. Defendant was not, therefore, compelled to incriminate himself. Furthermore, even if Defendant had invoked the privilege and remained silent, the denial of a U.S.S.G. § 3E1.1 downward adjustment is not a penalty or an enhancement of sentence implicating the Fifth Amendment. *Rogers,* 921 F.2d at 982–83 (denial of § 3E1.1 downward adjustment does not constitute penalty in violation of defendant's Fifth Amendment rights).

AFFIRMED.

---

4. We also point out that, on the day Defendant's motion to withdraw his guilty plea was filed, Defendant was a fugitive from justice, making his appeal to the district court's sense of justice and fairness, at the very least, ironic. *See generally*

*Ortega–Rodriguez v. United States,* —— U.S. ——, ——, 113 S.Ct. 1199, 1209, 122 L.Ed.2d 581 (1993) (characterizing petitioner's flight prior to sentencing as "contemptuous disrespect" for the district court).