**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GABRIEL LOPEZ,

Defendant-Appellant.

No. 96-2091
(D.C. No. CR-95-521-JC)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals from the sentence imposed after he pleaded guilty to one count of using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). We have jurisdiction under 18 U.S.C. § 3742(a)(1), and affirm.

Defendant was arrested on September 8, 1995. On September 11, a detention and preliminary hearing was held, and defendant was released from custody under a number of conditions of release. On October 4, 1995, a grand jury returned a six-count indictment against defendant. He entered a plea of not guilty to the indictment, and was continued on release under the same conditions. On January 12, 1996, defendant pleaded guilty to the firearms charge in exchange for the other charges being dropped, and remained on release. On April 3, he was sentenced to sixty months' imprisonment and five years' supervised release. The district court did not give defendant credit for the time he spent on pre-sentence release.

On appeal, defendant argues that: (1) the district court should have granted him credit under 18 U.S.C. § 3585 for the time he spent on pre-sentence release because his attorney did not inform him that he would not get credit against his sentence for this time, and he did not knowingly and intelligently elect bail; and (2) he received ineffective assistance of counsel at the detention and preliminary

hearing because his attorney did not inform him that he would not get credit against his sentence for time spent on pre-sentence release.

Defendant has not demonstrated his entitlement to credit under 18 U.S.C. § 3585 for time spent on pre-sentence release. First, he was not confined in a "correctional facility designated by the Bureau [of Prisons] for the service of federal sentences" while on release, and was therefore not under "official detention" within the meaning of § 3585. See Reno v. Koray, 515 U.S. 50, 58 (1995). Second, defendant has not shown that the district court had any discretion under the statute to grant him credit for time spent on pre-sentence release due to any alleged failing by his counsel. Third, contrary to defendant's assertions, the Supreme Court has not established a requirement that a defendant must knowingly and intelligently elect bail; Justice Ginsberg stated expressly in her concurring opinion in Reno that the Court's decision left the question of such a requirement open. See id. at 65 (Ginsberg, J., concurring). Finally, defendant does not even allege that he would have chosen official detention over release, had he known that he would get no credit for time spent on release. See R., Supp'l Vol. I, doc. 46 (defendant's affidavit).

For that last reason, defendant has also failed to show that his attorney was ineffective for allegedly failing to advise him that he would receive no credit for time spent on pre-sentence release. While we generally do not address claims of

ineffective assistance of counsel on direct appeal, we do so in this case because the claim "does not merit further factual inquiry." United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993). Defendant "must show that his counsel's performance 'fell below an objective standard of reasonableness,' and that the deficient performance resulted in prejudice." Id. (quoting and citing Strickland v. Washington, 466 U.S. 668, 688, 691 (1984)). Although defendant asserted in his affidavit that his attorney failed to inform him at the detention and preliminary hearing that he would not receive credit for time spent on pre-sentence release, see R., Supp'l Vol. I, doc. 46, ¶ 2, his allegations are insufficient as to prejudice. Defendant does not assert that he would have chosen not to be released had he been correctly informed, see id., doc. 46, and, therefore, his claim of ineffective assistance of counsel must fail. Cf. Hill v. Lockhart, 474 U.S. 52, 60 (1985) (holding defendant had shown no prejudice from allegedly misinformed guilty plea, where he did not assert that he would have insisted on going to trial had he been correctly informed).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge