**UNITED STATES of America, Plaintiff,**

v.

**Cheryl Marie GIGLEY, Defendant.**

**No. 96–40002–01–DES.**

United States District Court,
D. Kansas.

June 2, 1998.

Marilyn M. Trubey, Office of Federal Public Defender, Topeka, KS, Cheryl Marie Gigley, Thomas M. Kelly, Kelly & Jacobson, Minneapolis, MN, Michael E. Cleary, Wichita, KS, for Cheryl Marie Gigley.

Thomas G. Luedke, Office of United States Attorney, Topeka, KS, for U.S. Attorneys.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the defendant's Amended Motion to Withdraw Plea (Doc. 45).

■ Rule 32(e) of the Federal Rules of Criminal Procedure provides that a district court may allow a defendant to withdraw his or her guilty plea before sentencing "upon a showing ... of any fair and just reason." Fed.R.Crim.P. 32(e). The burden of demonstrating a fair and just reason rests with the defendant, based on the following factors: (1) defendant's assertion of innocence; (2) resulting prejudice to the government; (3) defendant's delay in filing the withdrawal motion; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) knowledge and voluntariness of the plea; and (7) resulting waste of judicial resources. *United States v. Gordon,* 4 F.3d 1567, 1572 (10th Cir.1993).

The defendant attempts to establish a fair and just reason for withdrawal of her guilty plea by urging the court to find her plea insufficiently knowing and voluntary. The essence of the defendant's argument is that ineffective assistance of counsel caused her guilty plea to be involuntary and unknowing. In considering a challenge to a guilty plea based on a claim of ineffective assistance of counsel, the court applies the two-part test announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (holding "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel"). Under the *Strickland* test, the defendant must show that her counsel's performance "fell below an objective standard of reason-

ableness," *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052, and that the deficient performance resulted in prejudice, *id.* at 691, 104 S.Ct. 2052. "To show prejudice in the guilty plea context, the defendant must establish that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial.'" *United States v. Gordon,* 4 F.3d 1567, 1570 (10th Cir.1993) (quoting *Hill,* 474 U.S. at 59, 106 S.Ct. 366). The defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Laycock v. State of New Mexico,* 880 F.2d 1184, 1187 (10th Cir.1989).

■ The defendant contends that her attorney advised her that she was subject to a twenty-five year mandatory minimum sentence if convicted at trial when in fact she only was subject to a ten-year mandatory minimum if convicted at trial. The defendant claims that if she had been accurately advised of the mandatory minimum sentence, she would not have plead guilty. Although the defendant concedes that a mere inaccurate sentence prediction does not, standing alone, constitute ineffective assistance, she contends that in this case the misinformation about the mandatory minimum combined with her attorney's advice that trial would be futile, constitute ineffective assistance of counsel under the *Strickland* test.

■ The defendant offers no reason for the court to question the accuracy or reasonableness of her counsel's advice concerning her chances of success at trial. The mere fact that her attorney recommended that she not exercise her right to trial does not establish that counsel's conduct "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052. Her attorney's advice that trial would be futile, therefore, is not properly considered as evidence of ineffective assistance of counsel. This leaves the defendant with the alleged inaccurate sentence prediction as the only evidence of ineffective assistance of counsel. As already noted, however, inaccurate sentence prediction does not, standing alone, constitute ineffective assistance. *See United States v. Gordon,* 4 F.3d 1567, 1570

(10th Cir.1993) ("A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance...."), *cert. denied,* 510 U.S. 1184, 114 S.Ct. 1236, 127 L.Ed.2d 579 (1994). Accordingly, the defendant fails to overcome the presumption that her counsel's conduct was within "the wide range of reasonable professional assistance." *Laycock,* 880 F.2d at 1187.

■ Moreover, even if the defendant could satisfy the first prong of the *Strickland* test, the circumstances of her plea hearing preclude a finding that the particular deficiencies alleged in her counsel's performance resulted in prejudice. When the defendant entered her plea, this court specifically asked her about the voluntariness of her plea, in accordance with Fed.R.Civ.P. 11. Prior to accepting her plea, this court insured that the defendant was accurately advised of the mandatory minimum penalty as well as the maximum penalty she faced should her plea be accepted. The defendant's argument that she understood this penalty range to apply only if she entered a guilty plea, but not if she went to trial, is unconvincing, especially in light of this court's warning to defendant that it could impose the same punishment as if she had pleaded not guilty, stood trial and been convicted by a jury. Accordingly, even if the defendant counsel misinformed her about the mandatory minimum sentence if convicted at trial, she nonetheless entered her plea believing she could face the same mandatory minimum without trial, and thus her decision could not have been affected by her counsel's erroneous sentence prediction.

■ Consideration of the other factors from *United States v. Gordon* also leads the court to conclude that the defendant has not met her burden of demonstrating a fair and just reason warranting withdrawal of her guilty plea. Most notably, the defendant does not assert her innocence of the crimes to which she plead guilty. Her desire to withdraw her plea is instead based solely on alleged deficiencies in her attorney's advice. The defendant also delayed nearly two years before filing this motion, which delay resulted from her status as a fugitive and which is

likely to substantially prejudice the government's ability to prosecute the case at trial. The remaining factors, even viewed most favorably to the defendant, are substantially neutral in their effect on the court's decision.

In light of the factors set forth by the Tenth Circuit in *Gordon*, the court concludes that the defendant has not met her burden of establishing a fair and just reason for allowing the withdrawal of her guilty plea.

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's Amended Motion to Withdraw Plea (Doc. 45) is denied.