**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND DANA JAMES, also
known as Michael James Brewer,

Defendant - Appellant.

No. 02-8015
D.C. No. 01-CR-45-D
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On October 1, 2001, pursuant to a verbal plea agreement with the United States, Defendant pled guilty to one count of Interstate Transfer of a Wire Inception Device in violation of 18 U.S.C. § 2512(1)(a) and one count of Possession of a Wire Inception Device in violation of 18 U.S.C. § 2512(1)(b). At the time of the plea, Defendant was represented by counsel. On October 5, 2001, Defendant submitted a *pro se* letter to the district court seeking to withdraw his guilty plea. The district court denied Defendant's motion, ruling that the Government had not breached a material term of the plea agreement, and sentenced Defendant to serve twelve months plus one day in prison. Defendant appeals to this court.

On appeal, Defendant claims that the district court erred in denying his motion to withdraw his guilty plea. Defendant claims that as part of the inducement for Defendant to enter into the plea agreement the Government agreed to return certain confiscated items to Defendant on October 1, 2001. Defendant claims that the Government breached a material term of the plea agreement by failing to return Defendant's computer in a timely manner and by removing the hard drive. The Government responds that Defendant's computer was returned with only the illegal files erased. Defendant admits that the computer contained several illegal files. It is also undisputed that the computer was returned on October 2, 2001, one day after the October 1, 2001, deadline.

"Whether government conduct has violated a plea agreement presents a question of law which we review de novo." Allen v. Hadden, 57 F.3d 1529, 1534 (10th Cir. 1995); see also United States v. Hawley, 93 F.3d 682, 690 (10th Cir. 1996). However, we review for an abuse of discretion the district court's denial of a motion to withdraw a guilty plea. Barker v. United States, 579 F.2d 1219, 1223 (10th Cir. 1978). A defendant does not have an absolute right to withdraw his guilty plea prior to sentencing. Fed. R. Crim. P. 32(e); see also Mabry v. Johnson, 467 U.S. 504, 508-09 (1984). The defendant has the burden of proving a "fair and just reason" to withdraw his guilty plea pursuant to Rule 32(e). United States v. Burger, 964 F.2d 1065, 1070-71 (10th Cir. 1992).

We have articulated seven factors to be considered in our determination of whether a defendant has met the burden of establishing a "fair and just reason" for withdrawing his guilty plea. United States v. Black, 201 F.3d 1296, 1299-1300 (10th Cir. 2000); see also United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993). These factors are:

> (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; (7) whether the granting of the motion would cause a waste of judicial resources.

Black, 201 F.3d at 1299-1300 (10th Cir. 2000).

Our analysis of the Gordon factors reveals that Defendant's request to

withdraw his guilty plea was premised solely on a claimed violation of a non-material, collateral provision of his oral plea agreement with the Government. Defendant has not asserted his innocence. Additionally, we are convinced that the Government would be severely prejudiced if the motion is granted because key evidentiary items were either returned to Defendant or destroyed pursuant to the plea agreement. Defendant was represented by counsel when he entered into the plea agreement, and he entered into the plea agreement freely and voluntarily.

Even if we view the facts as alleged by Defendant, we cannot hold that the Government's conduct has violated the oral plea agreement. Our review of the record reveals that the computer was returned just one day after the October 1, 2001, deadline. Additionally, the oral plea agreement does not detail exactly how the illegal files were to be erased from the computer. Since Defendant admits that there were illegal files on the computer, we cannot find that the Government engaged in misconduct when it allegedly removed the entire hard drive. Therefore, in light of the Gordon factors and the facts of the instant case, we hold that the district court did not abuse its discretion in denying Defendant's motion to withdraw his guilty plea.

Motion to File Pro Se Brief Out of Time is **GRANTED**.[1] Motion to

---

[1]Counsel G. Mark Garrison's Motion to Withdraw as Attorney of Record is **GRANTED**.

Withdraw Waiver of Oral Argument is **DENIED**. The conviction and sentence

are **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge