**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANNY RAY EVANS,
a/k/a Danny Taylor
Defendant-Appellant.

No. 02-5171

(N.D. Oklahoma)

(D.C. No. 99–CV-679-K)

**ORDER AND JUDGMENT** *

Before **EBEL** , **HENRY** , and **HARTZ** , Circuit Judges.

Danny Ray Evans seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 petition. After examining the record and the appellant's brief, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C). The case is therefore submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Moreover, after a review of the record, we conclude for substantially the same reasons as the district court that his claims lack merit. Accordingly, we deny Mr. Evans's motion for a COA and dismiss this appeal.

## I. BACKGROUND

Mr. Evans was convicted after a jury trial of (1) conspiring to possess and distribute cocaine base and (2) carrying a firearm in relation to a drug trafficking crime. The district court sentenced Mr. Evans to 235 months' imprisonment on the conspiracy count and to a consecutive sixty-month term on the firearm charge. This court affirmed those convictions on appeal. See United States v. Durham, 139 F.3d 1325 (10th Cir. 1998).

Mr. Evans then filed a pro se 28 U.S.C. § 2255 petition asserting six claims: (1) that he received ineffective assistance from appellate counsel because his counsel failed to raise a violation of the sequestration rule; (2) that he received ineffective assistance of trial counsel because trial counsel left the courtroom during the cross-examination of a government witness; (3) that he received ineffective assistance of trial counsel because counsel was absent during a portion of jury deliberations; (4) that he received ineffective assistance of appellate counsel because appellate counsel failed to appeal the district court's denial of his motion to suppress; (5) that trial counsel's absence during the cross-examination

-2-

of a government witness by another lawyer, without Mr. Evans's knowing waiver, deprived him of his Sixth Amendment right to counsel; and (6) that counsel's absence during deliberations, without Mr. Evans's waiver, violated his Sixth Amendment right to counsel.

The district court found all six claims lacking in merit and denied Mr. Evans's petition.

## II.  DISCUSSION

In order to prosecute this appeal, Mr. Evans must obtain a COA.  He may do so by making "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Mr. Evans may make this showing by demonstrating that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  See Miller-El v. Cockrell, no. 01-7662, 2003 WL 431659, at *11 (Feb 25, 2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  "A claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  Id.

## A. Ineffective Assistance of Counsel Claims

Like the district court, we see no merit in Mr. Evans's four ineffective assistance of counsel claims. As to each of these claims, we note that Mr. Evans must establish (1) that his counsel made "errors so serious" that his performance could not be considered "reasonable[ ] under prevailing professional norms" and (2) a "reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687-88, 695 (1984).

As to the first three of this claims (listed above) we agree for substantially the same reasons as set forth by the district court that Mr. Evans has failed to demonstrate a reasonable probability that the alleged errors of counsel affected the jury.

With regard to appellate counsel's failure to appeal the district court's denial of Mr. Evans's motion to suppress, Mr. Evans focuses upon his statements to an Oklahoma Highway Patrolman during a June 21, 1994 traffic stop. As the district court explained, upon questioning from an Oklahoma Highway Patrolman, Mr. Evans admitted that he had a "possibly loaded" gun in his car. See Rec. vol. II, doc. 87, at 4 (District Ct. Order, filed Sept. 10, 1995). Mr. Evans now contends that the admission of this statement at trial violated his Fifth Amendment rights because the patrolman did not provide him with Miranda warnings before

questioning. Mr. Evans asserted that appellate counsel was ineffective for failing to raise this issue.

We disagree. In United States v. Holt, 264 F.3d 1215, 1217 (10th Cir. 2001) (en banc), this court held that "an officer conducting a traffic stop may ask the driver about the presence of loaded weapons in the absence of particularized suspicion of the existence of such firearms." Here, the record establishes that the Highway Patrolman's questioning of Mr. Evans occurred during the initial phase of a traffic stop, before the patrolman placed Mr. Evans under arrest. See Rec. vol. II, doc. 87, at 4. Accordingly, the questioning of Mr. Evans about firearms did not violate his Fifth Amendment rights, and Mr. Evans's appellate counsel was not ineffective for failing to raise that issue.

### B. Denial of Counsel Claims

Mr. Evans also contends that the absence of counsel during another lawyer's cross-examination and during jury deliberations constituted per se violations of his Sixth Amendment right to an attorney during the trial proceedings. We are not persuaded by this argument.

"The Sixth Amendment guarantees a criminal defendant the right to counsel during the critical stages of an adversarial proceeding." United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993) (citing Kirby v. Illinois, 406 U.S. 682, 690

(1972)). However, when counsel's absence is temporary and the defendant has expressed his consent to the absence, courts have declined to find a per se Sixth Amendment violation, instead inquiring whether the absence was prejudicial. See Vines v. United States, 28 F.3d 1123, 1127-29 (11th Cir. 1994) (holding that trial counsel's temporary absence during taking of evidence against codefendants did not constitute per se error, and did not prejudice defendant).

Here, as noted above, one of the absences of Mr. Evans's lead counsel did occur during the cross-examination of a government witness by the attorney for another defendant. We agree for substantially the same reasons as set forth by the district court that this absence did not constitute a Sixth Amendment violation: the presence of an associate of Mr. Evans's lead counsel during the subject cross-examination was sufficient to protect his interests.

As to the other alleged absence—during jury deliberations— the record indicates that there was no Sixth Amendment violation. In particular, Mr. Evans acknowledges in his appellate brief that his counsel "provided a cell phone number to the court's clerk to contact him if an issue arose in which he was needed to make a decision." Aplt's Br. at 20-21. After discussing the admissibility of the tape and the issue regarding the verdict form, the trial court instructed the clerk to contact Mr. Evans's lawyer and "advise hi[m] as to the content of the note and the response that I have prepared and if he has no objection then we will send it back

-6-

to the jury." Rec. Supl. vol. II, at 2114 (Trial Tr., Oct. 31, 1995). Under these facts, Mr. Evans's counsel was not absent from a critical stage of the trial in a manner that would constitute a per se Sixth Amendment violation.

### III. CONCLUSION

For the reasons set forth above, we DENY Mr. Evans's application for a COA, and we DISMISS this appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge