FILED
United States Court of Appeals
Tenth Circuit

July 30, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MARIO ALDO SAUCEDA,

Defendant–Appellant.

No. 12-2067

(D.C. Nos. 1:11-CV-01052-JEC-WPL &
2:10-CR-00606-JEC-2)

(D. New Mexico)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

Appellant seeks a certificate of appealability to appeal the district court's denial of

his 28 U.S.C. § 2255 habeas petition. In 2010, Appellant pled guilty to conspiracy to

possess with intent to distribute less than five grams of methamphetamine, and he was

sentenced to 188 months of imprisonment. Appellant filed an appeal, but his appeal was

dismissed pursuant to the plea agreement's waiver of appellate rights. In his § 2255

motion, Appellant claimed he received ineffective assistance of counsel during his plea

negotiations, plea hearing, and sentencing, based mainly on the fact he received a much

longer sentence than expected. However, the magistrate judge considered each of

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellant's arguments and concluded that Appellant had not shown ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The district court agreed and therefore denied habeas relief.

After thoroughly reviewing the record and Appellant's filings on appeal, we conclude that reasonable jurists would not debate the district court's denial of habeas relief. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Most of Appellant's arguments revolve around the fact he received a longer sentence than expected. However, while the record shows the prosecutor and defense counsel both estimated a lower sentencing guidelines range than the 188–235 month range the PSR later calculated, Appellant was repeatedly warned the sentencing court would not be bound by the plea agreement's stipulations or the parties' estimates. He chose to plead guilty knowing his sentence could be much higher than estimated. The record simply does not support a claim of ineffective assistance of counsel at the plea bargaining and change of plea phases. *See United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) ("A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."). As for Appellant's claims regarding counsel's alleged failure to raise certain objections during the sentencing proceeding, Appellant does not show a reasonable probability he would have received a lower sentence if counsel had raised these objections.[1] Contrary to Appellant's

---

[1] Appellant also argues counsel should have requested a downward variance based on Appellant's low level of intelligence. This argument was raised for the first time in his objection to the magistrate judge's report and is thus deemed waived. *See Marshall v.*

assertions, the sentencing guidelines range was correctly calculated, and the district court was not bound by the stipulations in the plea agreement. Moreover, counsel in fact requested a downward variance based on these stipulations, and the court's rejection of this request does not show ineffective assistance on counsel's part. Appellant has not shown either that counsel's performance was deficient or that he was prejudiced by counsel's purported errors at sentencing. Therefore, for substantially the same reasons given by the magistrate judge and district court, we **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge

---

*Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

-3-