FILED
United States Court of Appeals
Tenth Circuit

May 27, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff − Appellee,

v.

SADIE JOLYNN BROWN,

Defendant − Appellant.

No. 15-3037
(D.C. No. 2:12-CR-20083-KHV-3)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **GORSUCH**, and **MATHESON**, Circuit Judges.

---

Pursuant to a plea agreement with a broad appeal waiver, Sadie Jolynn Brown

pleaded guilty to one count of conspiracy to possess with intent to distribute and to

distribute five kilograms or more of cocaine; to manufacture, to possess with intent to

distribute, and to distribute 1,000 kilograms or more of marijuana; and to maintain

drug-involved premises, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1), and

856. The district court sentenced Ms. Brown to 120 months' imprisonment, imposed

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a forfeiture judgment against her in the amount of $16,985,250.00 (jointly and severally with some of her co-defendants), and ordered the forfeiture of specified real and personal property, the sale of which would be applied toward her forfeiture judgment. Despite her appeal waiver, Ms. Brown filed a pro se notice of appeal.

The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In *Hahn*, 359 F.3d at 1325, we held that we would enforce appeal waivers as long as three conditions were met: (1) the matter on appeal falls within the scope of the waiver; (2) the defendant-appellant knowingly and voluntarily waived h[er] appellate rights; and (3) enforcing the waiver will not result in a miscarriage of justice.

We appointed counsel to represent Ms. Brown in this matter. Counsel filed a response asserting that Ms. Brown received no benefit from her plea bargain and that her then-counsel provided constitutionally ineffective assistance. Counsel argues that a claim of ineffective assistance of counsel can be raised on direct appeal under the circumstances of this case, citing *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993).

We have long "recognized that the preferred avenue for challenging the effectiveness of counsel in a federal criminal case was via collateral attack." *Id.* We have thought so "because a defendant often does not know [s]he has a meritorious ineffective assistance claim until collateral proceedings are begun, and because ineffective assistance claims often require consideration of evidence not yet in the

record on direct appeal." *Id.* We noted in *Gordon* that "[t]here are rare instances, however, when we will entertain an ineffective assistance of counsel claim on direct appeal, including, inter alia, where the record is sufficient, or where the claim simply does not merit further factual inquiry." *Id.* Accordingly, we will consider Ms. Brown's argument.

"We review a challenge to a guilty plea based on a claim of ineffective assistance of counsel using the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984)." *Gordon*, 4 F.3d at 1570. "Under this test, the defendant must show that h[er] counsel's performance 'fell below an objective standard of reasonableness,' *Strickland*, 466 U.S. at 688, and that the deficient performance resulted in prejudice, *id.* at 691." *Id.* "To show prejudice in the guilty plea context, the defendant must establish that 'there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1982)).

Ms. Brown's argument is conclusory. She asserts that she obtained no benefit from her plea agreement and that this is clear from the record. But she does not explain how this is true with cites to the law or the record. The only document she attached to her response is the plea agreement, but she does not point us to any particular part of it. We conclude that Ms. Brown has failed to show that her original counsel's negotiation of the plea agreement constituted ineffective assistance of counsel entitling her to relief.

Ms. Brown does not argue that the *Hahn* factors are not satisfied, and our review of the record in this case unequivocally demonstrates that the *Hahn* factors favor enforcing Ms. Brown's waiver of appellate rights. Accordingly, we dismiss the appeal on the basis of *Hahn*.

Entered for the Court
Per Curiam