FILED
United States Court of Appeals
Tenth Circuit

February 5, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHERYL ANDERSON,

    Defendant - Appellant.

No. 15-2164
(D.C. Nos. 1:12-CV-01025-MCA-WPL
& 1:10-CR-00086-MCA-1)
(D.N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

---

Sheryl Anderson pleaded guilty to knowingly shipping or transporting a stolen firearm and was sentenced to ten years in prison. She now challenges her detention under 28 U.S.C. § 2255, alleging violations of the Sixth Amendment. The district court denied her petition and denied her a certificate of appealability (COA). Ms. Anderson now requests a COA from this court to contest the district court's judgment.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After our own independent review of Ms. Anderson's petition, we can see no room to debate the district court's ruling. To succeed on her ineffective assistance of counsel claims, Ms. Anderson must show that her counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). She argues that she can meet this standard in three different ways but in our judgment and for the very reasons the district court offered, none of these arguments bears merit.

First, Ms. Anderson claims that her attorney performed deficiently by failing to tell her about earlier plea offers from the government. But even assuming without deciding this much is true her Sixth Amendment claim still fails as a matter of law. After all, to show prejudice Ms. Anderson must offer some evidence that if she had known about an earlier plea offer she would have taken it and received a lesser sentence. *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012). Meanwhile, the record in this case indicates that the government's two earlier plea offers were for ten and fifteen year sentences while the plea agreement Ms. Anderson eventually signed provided for a maximum sentence of ten years. Ms. Anderson thus fails to show the government's earlier and allegedly uncommunicated plea offers could have supplied her with a lesser sentence.

Second, Ms. Anderson alleges that her attorney failed to inform her adequately about the terms of the plea agreement she did accept. But the record before us shows that the trial court explained the terms of the agreement at great

length to Ms. Anderson. It shows too that she was well familiar with those terms. At one point in the colloquy, she even corrected the trial court about a factual detail. The plea agreement itself also clearly stated the consequences of a guilty plea — and Ms. Anderson expressly confirmed her knowledge of those consequences during the plea colloquy. Ms. Anderson's current and conclusory allegations that she did not understand her plea agreement are thus contradicted by her own statements in open court and are insufficient to suggest deficient performance by her attorney or any prejudice. *See, e.g.*, *United States v. Salas-Garcia*, 698 F.3d 1242, 1254-55 (10th Cir. 2012).

Finally, Ms. Anderson alleges that her lawyer incorrectly estimated the length of time the sentencing court would require her to serve in prison. She alleges that her attorney told her it was "likely" that she would receive a sentence less than the maximum of ten years provided for by the terms of her plea bargain. But this court has long recognized that an attorney's inaccurate prediction of a sentencing court's discretionary sentencing decision does not constitute ineffective assistance of counsel. *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993).

Just as we see no room to debate its merits disposition, neither do we see any abuse of discretion in the district court's decision to deny an evidentiary hearing. As the district court observed, an evidentiary hearing would not help Ms. Anderson prove any of her claims. In analyzing Ms. Anderson's first and

- 3 -

third claims, we have assumed all of her factual assertions are true. Proving those factual assertions in an evidentiary hearing would make no difference in the outcome. As for her second claim, the district court was well within its discretion to find that the trial court's plea colloquy controlled its determination that Ms. Anderson's plea was knowing and voluntary.

The request for a COA is denied and this matter is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge