**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TARRAN ARNEL BRINSON,

    Defendant - Appellant.

No. 16-5013
(D.C. Nos. 4:13-CR-00004-GKF-1 and
4:15-CV-0725-GKF-TLW)
(N.D. Oklahoma)

_____

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

Tarran Arnel Brinson appeals the denial of his motion under 28 U.S.C. § 2255

to vacate, set aside, or correct his sentence and the denial of his request for a

certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(B).

## I. BACKGROUND

Mr. Brinson was charged in a seven-count indictment which alleged his

participation in a "prostitution business involving the sex trafficking of children."

Before trial, Mr. Brinson subpoenaed one of the girls involved, fifteen-year-old C.H.,

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to testify at a detention hearing. The government and C.H.'s guardian ad litem (GAL) both moved to quash the subpoena, and the district court granted the motions. Mr. Brinson then moved for an order permitting his counsel to conduct a face-to-face pretrial interview with C.H. The district court denied the motion.

Mr. Brinson called C.H. as a witness at trial, and C.H. testified that she and another girl had been working as escorts, but Mr. Brinson had no knowledge of or involvement with the business. Rather, C.H. claimed Mr. Brinson had merely provided them with marijuana, which was unrelated to the prostitution.

The jury found Mr. Brinson guilty on six of the counts charged in the indictment. Mr. Brinson appealed but did not challenge the district court's order prohibiting the pretrial interview of C.H. *See generally United States v. Brinson*, 772 F.3d 1314 (10th Cir. 2014). After we affirmed the district court's evidentiary rulings and Mr. Brinson's conviction on direct appeal, Mr. Brinson filed a § 2255 motion, arguing ineffective assistance of counsel because the inability to interview C.H. denied him the "opportunity to determine the extent of C.H.'s knowledge of the case, or the effect her demeanor might have on the jury" which would have been "critical" to his counsel's trial preparation. The district court denied Mr. Brinson's motion, concluding that Mr. Brinson had not "provide[d] any grounds for a claim of ineffective assistance of counsel" and had instead "identifie[d] a ruling of the court— which he did not challenge on appeal—that allegedly put his trial counsel in a difficult position."

2

Mr. Brinson then filed a motion to reconsider, explaining that the district court had misconstrued his § 2255 motion and clarifying that he sought relief based on ineffective assistance of *appellate* counsel, for failing to raise the interview issue on direct appeal. The district court denied the motion to reconsider, concluding Mr. Brinson had not demonstrated prejudice because there was no reasonable probability that his conviction would have been overturned if his appellate counsel had raised the issue. Mr. Brinson now appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we deny Mr. Brinson's request for a COA and dismiss.

## II.   DISCUSSION

A prisoner challenging a district court's denial of habeas corpus relief under 28 U.S.C. § 2255 must obtain a COA as a jurisdictional prerequisite to proceed with an appeal. 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Mr. Brinson argues that, by failing to appeal the district court's order prohibiting an interview with C.H., his appellate counsel rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments. In reviewing such a challenge, we use the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984), under which "the defendant must show that his counsel's performance 'fell below an objective standard of reasonableness,' and that the deficient performance resulted in prejudice."

3

*United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) (citation omitted) (quoting

*Strickland*, 466 U.S. at 688). Although the *Strickland* test addresses both deficient

performance and prejudice, we may "proceed directly to the issue of prejudice"

where that will dispose of the issue. *Castro v. Ward*, 138 F.3d 810, 832 (10th Cir.

1998); *see also Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding

an ineffective assistance claim to approach the inquiry in the same order or even to

address both components of the inquiry if the defendant makes an insufficient

showing on one.").

Here, Mr. Brinson maintains it was necessary for him to interview C.H. before

trial and the trial court's order prohibiting an interview "forced counsel into a Hobson's

choice to call C.H. to testify . . . which may have resulted in counsel's calling to testify

the very witness who sealed [Mr. Brinson's] conviction." But the record does not support

this argument and Mr. Brinson has not explained how C.H.'s testimony "sealed his . . .

conviction."[1] To the contrary, as the district court recognized, "C.H. testified . . . that

---

[1] Mr. Brinson cites several cases to argue that he was entitled to interview C.H. before trial. But the cases merely support the conclusion that the prosecution may not interfere with defense counsel's ability to interview witnesses. *See United States v. Gonzales*, 164 F.3d 1285, 1292 (10th Cir. 1999) ("Although the defense had no right to interview the witness under Rule 16, it had a right to be free from prosecution interference with a witness' freedom of choice about whether to talk to the defense."); *United States v. Carrigan*, 804 F.2d 599, 603 (10th Cir. 1986) (recognizing that "both sides have the right to interview witnesses before trial" and the prosecution should "not discourage or obstruct communications between prospective witnesses and defense counsel"); *United States v. Pinto*, 755 F.2d 150, 152 (10th Cir. 1985) ("[T]he prosecution may not interfere with the free choice of a witness to speak with the defense absent justification by the clearest and most compelling considerations." (internal quotation marks omitted)); *United States v. Fred*, No. CR 05-801 JB, 2006 WL 4079619, at *4 (D.N.M. Dec. 4, 2006)

[Mr.] Brinson knew nothing about the prostitution and was not involved in it in any way," and "[Mr.] Brinson d[id] not identify, and the court's review of the trial transcript did not reveal, any specific testimony that may have negatively impacted [Mr.] Brinson's defense." With only favorable testimony from C.H., Mr. Brinson has failed to demonstrate prejudice resulting from his inability to interview her before trial, or from his appellate counsel's failure to raise this issue on direct appeal. Accordingly, Mr. Brinson cannot demonstrate ineffective assistance of counsel.

## III.    CONCLUSION

Mr. Brinson's claim for ineffective assistance of counsel is without merit. He therefore has not made a substantial showing of the denial of a constitutional right, and we deny his request for a COA and dismiss his appeal.

ENTERED FOR THE COURT

Carolyn B. McHugh
Circuit Judge

---

(unpublished) ("[T]he prosecutor must not obstruct communications between witnesses and defense counsel . . . ."). Here, however, Mr. Brinson has not argued that the prosecution interfered with his ability to interview C.H. Rather, the *district court* denied Mr. Brinson's motion to interview C.H. before trial. None of the cases cited by Mr. Brinson supports the conclusion that the district court abused its discretion in denying Mr. Brinson's motion or that appellate counsel acted unreasonably in failing to appeal the order.