NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2019[*]
Decided May 2, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

Nos. 18-3254 & 18-3548

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:14-CR-30173-DRH-3 |
| TIMOTHY EDWARDS, *Defendant-Appellant*. | David R. Herndon, *Judge*. |

## O R D E R

More than a year after pleading guilty and receiving a sentence in 2017 for drug crimes, Timothy Edwards filed two motions in the district court. The first, under Rule 33 of the Federal Rules of Criminal Procedure, requested a new trial. The second sought to withdraw his guilty plea under Rule 11. Edwards had pleaded guilty to conspiring to distribute cocaine and marijuana, *see* 21 U.S.C. §§ 841(a)(1), 846, lying to law enforcement, *see* 18 U.S.C. § 1001(a)(2), and maintaining a drug-dealing premises,

---

[*] We have agreed to decide the case without oral argument the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

*see* 21 U.S.C. § 856(a)(1), and was sentenced to 84 months in prison. The district court denied both motions as legally untenable.

We agree with the district court's disposition of both motions. First, Rule 33 applies only to "tried" cases, and Edwards had no trial because he pleaded guilty. FED. R. CRIM. P. 33(a); *United States v. Graciani*, 61 F.3d 70, 78 (1st Cir. 1995); *United States v. Gordon*, 4 F.3d 1567, 1572 n.3 (10th Cir. 1993). Thus, he may not receive a "new" trial. Second, under Rule 11, "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty." FED. R. CRIM. P. 11(e). Rather, his plea "may be set aside only on direct appeal or collateral attack." *United States v. Vinyard*, 539 F.3d 589, 594 (7th Cir. 2008). Edwards attempted a direct appeal, but we dismissed it because it was untimely. *See* Order of Dismissal, *United States v. Edwards*, No. 17-2436 (7th Cir. July 16, 2018), ECF no. 33. And he has not brought a collateral attack; he has invoked only Rule 11 and done so more than a year after sentencing. Rule 35 blocks relief under that circumstance. FED. R. CRIM. P. 35(a) (court may not alter sentencing judgment more than 14 days after its entry).

AFFIRMED