**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 18 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE MIGUEL VASQUEZ-LEBRON,

    Defendant - Appellant.

No. 03-3262
(D.C. No. 02-CR-10053-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.[**]

Defendant-Appellant Jose Miguel Vasquez-Lebron appeals from his plea

and sentence for possession with intent to distribute. He argues the district court

erred when it refused to allow him to withdraw his plea of guilty and proceed to

trial. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

On April 1, 2002, Mr. Vasquez-Lebron was stopped by the Kansas Highway

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Patrol in Thomas County, Kansas for a traffic violation. He gave the trooper permission to search the vehicle, and the trooper discovered a false compartment containing approximately ten kilograms of cocaine. Mr. Vasquez-Lebron admitted that he knew about the cocaine and was driving it to New York to distribute it. Mr. Vasquez-Lebron was indicted on April 9, 2002 on one count of possession of more than five kilograms of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). R. Doc. 1.

Prior to his plea, Mr. Vasquez-Lebron objected to his counsel's representation and a new attorney was appointed. He pleaded guilty to the charge in the indictment on September 9, 2002, admitting to the facts as stated above. At his scheduled sentencing hearing on April 21, 2003, the court considered a letter from Mr. Vasquez-Lebron in which he complained about his present counsel's representation. He requested a new attorney and wished to withdraw his guilty plea. A new attorney was appointed with regard to his request to withdraw his plea and a mental health evaluation was conducted. Mr. Vasquez-Lebron was found competent to stand trial and he filed a formal pro se motion to withdraw his guilty plea on June 3, 2003. R. Doc. 49.

The court heard arguments on the motion and testimony by Mr. Vasquez-Lebron on August 18, 2003. Mr. Vasquez-Lebron testified he believed the stop was impermissibly based on racial profiling. He stated that an undercover police

officer slowed in front of him, causing him to tailgate so he could be pulled over for a traffic violation. Mr. Vasquez-Lebron asserted his attorneys had refused to file a motion to suppress the evidence regarding the traffic stop despite his continued requests. The court denied the motion to withdraw his plea and proceeded to sentence Mr. Vasquez-Lebron to seventy months in prison.

Mr. Vasquez-Lebron has filed this appeal, challenging the district court's denial of his motion to withdraw his guilty plea. Federal Rule of Criminal Procedure 11(d) provides in pertinent part that, "after the court accepts the plea, but before it imposes sentence," a defendant may withdraw a plea of guilty if "the defendant can show a fair and just reason for requesting the withdrawal." A defendant does not have an absolute right to withdraw a guilty plea once accepted by the court, United States v. Siedlik, 231 F.3d 744, 748 (10th Cir. 2000); it is up to the "sound discretion of the trial court to determine what circumstances justify the granting of a motion to withdraw the plea." Burnett v. United States, 404 F.2d 29, 29 (10th Cir. 1968). "We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion, and we will not reverse unless the defendant can show that the court acted unjustly or unfairly." United States v. Gordon, 4 F.3d 1567, 1572-73 (10th Cir. 1993).

The defendant carries the burden of establishing that there is a fair and just reason to allow a withdrawal of a guilty plea. Id. at 1572. The Tenth Circuit has

articulated the following seven factors to guide the courts in determining whether a defendant has met this burden: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." Id. After considering these factors, the district court determined Mr. Vasquez-Lebron failed to show a fair and just reason for withdrawing his plea. R. Doc. 65 at 17-24.

Mr. Vasquez-Lebron asserts that "he was not satisfied with his counsel at the time of his plea and that he felt intimidated by that counsel into entering the guilty plea." Aplt. Br. at 6. It is true, as Mr. Vasquez-Lebron asserts, that the "record is replete . . . with defendant's complaints about the performance of his court appointed counsel." Id. at 7. It is also true that the government did not oppose the withdrawal. However, with regard to Mr. Vasquez-Lebron's theory regarding the police and the quality of his attorneys' representations, the district court concluded that Mr. Vasquez-Lebron's assertions were not credible. R. Doc. 65 at 22. See United States v. Gobey, 12 F.3d 964, 967 (10th Cir. 1993) ("Credibility determinations are within the sound discretion of the trial judge . . . .").

Even if Mr. Vasquez-Lebron's testimony is considered, there is insufficient

evidence that any alleged ineffectiveness resulted in prejudice.  See Hill v. Lockhart, 474 U.S. 52, 58 (1985) (To show prejudice in the guilty plea context, a defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").  The judge engaged in an extensive discussion with Mr. Vasquez-Lebron at the time of his plea, including questioning regarding any potential motion to suppress:

> Court:  Do you understand that by pleading guilty in this case that you're giving up any right that you would have had to file any kind of motion to suppress your statement, to challenge the stop and the search of the vehicle or anything else?
>
> Defendant:  Yes, Your Honor, I understand.
>
> Court:  You understand that?
>
> Defendant:  Yes, Your Honor.

R. Doc. 47 at 17.  Given the court's discussions prior to accepting the plea, any allegation on Mr. Vasquez-Lebron's part, that but for the intimidation on the part of his counsel, he would have insisted on going to trial, is insufficient to establish prejudice.  See Gordon, 4 F.3d at 1571.  Considering the extensive plea colloquy in this case, the district court properly concluded Mr. Vasquez-Lebron's plea was knowing and voluntary.  R. Doc. 47 at 18.

Mr. Vasquez-Lebron has not asserted his innocence, and he admitted at the time of his plea that he possessed the drugs and intended to distribute them.  He

also delayed for almost a year after the plea was entered before moving for its withdrawal.  Given the court's consideration of the <u>Gordon</u> factors and the facts before us, we are satisfied the district court's conclusion was not an abuse of discretion.  See <u>United States v. Black</u>, 201 F.3d 1296, 1300 (10th Cir. 2000).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge