**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MECHIEEN MCDOWELL,

     Defendant-Appellant.

No. 12-3318

(D.C. No. 2:12-CV-02400-JWL
& 2:09-CR-20133-JWL-6)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **ANDERSON** and **TYMKOVICH**, Circuit Judges.

---

Mechieen McDowell, a federal prisoner appearing pro se,[1] requests a certificate of

appealability (COA) to appeal the district court's denial of her 28 U.S.C. § 2255 motion.

McDowell also requests to proceed in forma pauperis (IFP). We exercise jurisdiction

pursuant to 28 U.S.C. §§ 1291, 2253, and deny her request for a COA and dismiss this

matter.

I

In 2009, McDowell was charged with conspiracy to distribute and possession with

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.

[1] Because McDowell is proceeding pro se, we construe her filings liberally. See
Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§

841, 846. R. Vol. 2, at 8. McDowell ultimately pleaded guilty to charges of money

laundering, in violation of 18 U.S.C. § 1956(h), pursuant to a plea agreement. R. Vol. 1,

at 35-36, 71. The plea agreement contained the following waiver:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. . . . The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

Id. at 47-48. The plea agreement also noted that McDowell had read, discussed, and

understood the plea agreement and that she entered into the agreement on her own accord.

Id. at 49-50. Additionally, the district court was careful to explain to McDowell the

meaning of this waiver and ensured that she understood the consequences of entering into

this plea agreement. Id. at 86, 114-15 (explicitly going over the waiver of filing a § 2255

motion in plea agreement). With an offense level of 31 and a criminal history category of

I, the district court determined McDowell's guideline range as 108 to 135 months'

imprisonment. On September 2, 2011, the district court sentenced McDowell to 108

months' imprisonment. Id. at 71-72. McDowell did not directly appeal her sentence.

On June 25, 2012, McDowell filed a Motion to Vacate her sentence under § 2255. In her motion, she asserted that her counsel was ineffective, that her guilty plea was involuntary because of misstatements by counsel, and that her arrest was the result of an unconstitutional search and seizure. Id. at 80. In response, the government filed a Motion to Enforce the Plea Agreement arguing that McDowell waived her right to appeal in the plea agreement. The district court agreed and denied McDowell's motion to vacate her sentence and her request for a COA to appeal that denial.

II

Before a defendant may appeal a district court's denial of a motion to vacate a sentence, that defendant must first obtain a COA. This court may grant a COA only if the defendant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When determining whether to grant a COA, we do not decide the merits of the constitutional violation alleged. Rather, we determine whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

"[A] waiver of § 2255 rights in a plea agreement is generally enforceable." United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001). A collateral-attack waiver is enforceable if: (1) the disputed appeal falls within the scope of the waiver of appellate rights; (2) the defendant knowingly and voluntarily waived her appellate rights; and, (3)

3

the enforcement of the waiver would not result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004); see Cockerham, 237 F.3d at 1183 ("[T]he constraints which apply to a waiver of the right to direct appeal also apply to a waiver of collateral attack rights."). We will "enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea of the waiver." Cockerham, 237 F.3d at 1187.

## A. Scope of Waiver

Initially, we note that because McDowell voluntarily pleaded guilty unconditionally, as discussed further below, she has waived any assertion that the search and seizure leading to her arrest violated her constitutional rights. See United States v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." (quotation omitted)). Whether McDowell's claims of ineffective assistance of counsel fall within the scope of the collateral-appeal waiver must be evaluated in light of Cockerham, 237 F.3d at 1187. In her § 2255 motion, McDowell alleges that her counsel "abandoned" her case, failed to meet with her, and indicated that she would not serve a lengthy sentence because the prosecution "did not want to see [her] face jail time," which she claims led to her entering the plea agreement and waiver. R. Vol. 1, at 79-80. None of these bases—except the last, which is addressed below—challenge counsel's representation in negotiating the plea

4

and, therefore, they fall within the waiver.

## B. Knowing and Voluntary Waiver

In determining whether a defendant knowingly and voluntarily waived her right to appeal, we look to "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and whether there was an adequate Federal Rule 11 of Criminal Procedure colloquy. Hahn, 359 F.3d at 1325. The defendant bears the burden of showing that she did not knowingly and voluntarily waive her right to appeal. United States v. Ochoa-Colchado, 521 F.3d 1292, 1299 (10th Cir. 2008).

Here, the plea agreement explicitly stated that McDowell "knowingly and voluntarily waives any right to appeal or collaterally attack." R. Vol. 1, at 47-48. The plea agreement also states that "defendant acknowledge[d] that [s]he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion." Id. at 50. McDowell signed directly below the line stating that she was "entering into this agreement and is pleading guilty because [she] is guilty and is doing so freely and voluntarily." Id. In its order, the district court outlined the steps it took during the plea colloquy to ensure McDowell's understanding of the plea agreement and waiver. Id. at 114-15 ("[D]uring this colloquy, defendant did not simply and unthinkingly respond "Yes" to every question; rather, she indicated when she did not understand a particular question, and the Court then repeated and restated that question until defendant understood it. . . . The Court . . . explained that the Court would decide the applicable range, and defendant then stated that she understood that waiver.").

5

In her appellate brief, McDowell does not dispute any of these findings. Rather, she only argues that her counsel's alleged misstatements rendered her plea agreement and waiver involuntary. Aplt. Br. at 8; see United States v. Silva, 430 F.3d 1096, 1099 (10th Cir. 2005) ("A plea may be involuntary where an attorney materially misrepresents the consequences of the plea; however, standing alone, an attorney's erroneous sentence estimate does not render a plea involuntary."). In light of her acknowledgments in the plea agreement and statements at the plea colloquy, however, all evidence in the record shows that McDowell knowingly and voluntarily entered into the plea agreement and collateral-attack waiver.

### C. *Miscarriage of Justice*

Enforcement of a waiver would result in a miscarriage of justice if the district court relied on an impermissible factor in sentencing—such as race or religion—there is an indication that defense counsel was ineffective in negotiating the waiver, the sentence exceeds the statutory maximum, or the waiver seems otherwise unlawful. Hahn, 359 F.3d at 1327. As with the second prong of Hahn, McDowell bears the burden of showing that enforcement of the waiver would result in a miscarriage of justice. Ochoa-Colchado, 521 F.3d at 1299.

The only possible factor relevant to McDowell's appeal is that the plea is invalid because of ineffective assistance of counsel. We address that claim separately below. Because we conclude that counsel was not ineffective, however, all the Hahn factors are satisfied and the waiver is enforceable for her ineffective assistance claims that do not

6

challenge counsel's representation in negotiating or entering the plea or the waiver. See United States v. Sandoval, 477 F.3d 1204, 1206 (10th Cir. 2007) ("[W]e do not hesitate to hold a defendant to the terms of a lawful plea agreement." (quotation omitted)).

### D. Ineffective Assistance Claim

"To succeed on an ineffectiveness-of-counsel claim, Defendant must make two showings: 'that counsel's representation fell below an objective standard of reasonableness,' rendering his or her performance deficient; and that the deficiency prejudiced the defense." Davis v. Workman, 695 F.3d 1060, 1071 (10th Cir. 2012) (citation omitted) (quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984)).

McDowell argues that her counsel's statements about her estimated sentence amount to ineffective assistance that render her plea unknowing and involuntary. As the district court pointed out, however, ordinarily "'[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.'" United States v. Gigley, 213 F.3d 509, 517 n.3 (10th Cir. 2000) (quoting United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993)).

Even if counsel's alleged error amounted to deficient performance, McDowell has failed to show that she would not have pled guilty had her counsel not "misinformed" her about her likely sentence. See Aplt. Br. at 6-8; Hill v. Lockhart, 474 U.S. 52, 59 (1985) (determining that when a defendant pleads guilty, she must show that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty

7

and would have insisted on going to trial" to establish prejudice). In fact, during the plea colloquy, McDowell affirmed that she understood that the district court had discretion regarding her sentence. R. Vol. 1, at 115 ("[T]he Court reiterated that the final determination of her sentence would be by the Court, and defendant then indicated that she understood and agreed."); see Gordon, 4 F.3d at 1571 ("Given the fact that Defendant pleaded guilty even after being . . . informed by the court [that it determined the final calculation of his sentence], his mere allegation that, but for original counsel's failure to inform him about the use of relevant conduct in sentencing, he would have insisted on going to trial, is insufficient to establish prejudice.").

To the extent that McDowell argues that her counsel was ineffective in negotiating the plea—rendering that claim beyond the scope of the collateral-attack waiver under Cockerham—she has failed to make a substantial showing of the denial of a constitutional right. McDowell has not shown that her counsel's performance in negotiating her guilty plea and the accompanying plea agreement was constitutionally deficient, or that any errors in her counsel's estimates concerning her sentence prejudiced her. Consequently, a COA is not warranted on McDowell's ineffective assistance of counsel claim regarding the negotiation of the waiver.

Nor is a COA warranted on McDowell's claim that the district court erred by denying her claim without an evidentiary hearing because "the motion . . . and records of the case conclusively show that the prisoner is entitled to no relief." See United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996) (quotation omitted).

III

After reviewing McDowell's application for a COA, her briefing, and the record on appeal, we agree with the district court that no reasonable jurist could conclude that McDowell made a substantial showing of a violation of her constitutional rights. Accordingly, we deny the request for a COA and dismiss this matter. We deny her request to proceed IFP.

Entered for the Court


Mary Beck Briscoe
Chief Judge

9