FILED
United States Court of Appeals
Tenth Circuit

February 22, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

WILLIAM KEVIN KNITTEL,

Defendant–Appellant.

No. 11-6075
(D.C. No. 5:10-CR-00096-R-1)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

After examining counsel's *Anders* brief, Defendant's pro se filings, and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendant pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). His guilty plea was conditional: he preserved his right to appeal (1) the district court's denial of his motion to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

suppress; (2) the district court's exercise of subject matter jurisdiction; and (3) the issue of whether he received effective assistance of counsel. On appeal, Defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), explaining why counsel believes there are no reasonable grounds for appeal, and a motion for leave to withdraw as counsel. Defendant filed a pro se brief objecting to counsel's characterization of his case. The government did not file a response brief.

## BACKGROUND

On October 30, 2008, a Texas court issued a warrant for Defendant's arrest on a charge of first degree murder. A few days later, Defendant was indicted on this charge, and the court issued a second warrant for his arrest. A Texas sheriff's department then issued an all-points-bulletin (APB) to law enforcement across the country for Defendant's arrest. The APB identified Defendant, listed the charges he was accused of, described the car he was driving, and stated that Texas authorities believed he was en route to Oklahoma.

On November 9, 2008, an Oklahoma State Bureau of Investigation agent recognized Defendant's car and pulled him over. Defendant immediately told the officer he had a gun in his car. The officer arrested Defendant and subsequently found a gun loaded with six rounds of ammunition between the driver's seat and the door of the vehicle. Defendant waived extradition and was transported back to Texas for prosecution on the murder charge. On March 16, 2010, an Oklahoma

federal grand jury issued an indictment on the current felon-in-possession charge, and Defendant was transferred to federal custody.

The Texas warrant that prompted the Defendant's arrest was based largely on an affidavit from Ronald Ring, a Texas sheriff's office investigator. Defendant filed a motion to suppress the arrest warrant on the ground that the affidavits on which it relied contained knowingly false statements and omitted relevant facts. The district court denied Defendant's motion and held "there is no basis for concluding that Mr. Ring either included deliberate falsehoods in his affidavit, or made allegations therein with a reckless disregard for truth, or that he made material omissions in the affidavit." (R. vol. 1 at 129.) The district court therefore denied Defendant's request for a *Franks* hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

Throughout the proceedings Defendant was represented by counsel, but he complained about this representation on several occasions. At one point, the district court allowed Defendant to proceed pro se, with appointed counsel acting as standby. Defendant also continued to submit evidence regarding the Texas murder charge, which the district court continued to find insufficient to necessitate a *Franks* hearing.

When the parties appeared for trial, Defendant offered to plead guilty if he could preserve certain challenges. He asked the district court if an acceptance of responsibility reduction would apply to his sentence, and after the government

stated it would oppose such a reduction, the district court said this would be up to the court which would not make a determination at this point. Defendant then decided to plead guilty, and asked for his counsel's representation through sentencing. The district court conducted a change of plea hearing and ordered a Presentence Investigation Report (PSR). A few weeks later Defendant, acting pro se, sought to withdraw his guilty plea mostly on the basis that his interlocutory appeal had been denied. The district court denied the motion, explaining to Defendant that his right to appeal arose after sentencing, not before, and was still intact.

Before and at sentencing, Defendant made numerous pro se objections to the PSR, including an objection to receiving only a two-point, rather than a three-point, reduction for acceptance of responsibility. The district court sustained one objection but overruled other objections, including Defendant's objection regarding the acceptance of responsibility reduction. The district court then sentenced Defendant to the high end of the guidelines range—ninety-six months of incarceration. This appeal followed.

**DISCUSSION**

When defense counsel files an *Anders* brief, we are required to conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders,* 386 U.S. at 744. We agree with counsel that Defendant has no non-frivolous grounds he could raise on appeal. In his *Anders* brief, counsel

notes five possible bases for appeal: (1) the district court's refusal to suppress the arrest warrant; (2) the district court's denial of Defendant's motion to withdraw his guilty plea; (3) the district court's exercise of jurisdiction; (4) the Defendant's sentence; and (5) the effectiveness of Defendant's trial counsel. Defendant's pro se brief raises additional argument.

We agree with Defendant's appellate counsel that none of these issues raise a meritorious issue for appeal. We first address whether the district court should have suppressed the arrest warrant.

> When reviewing a district court's denial of a motion to suppress, this court accepts the district court's factual findings unless they are clearly erroneous, viewing the evidence in the light most favorable to the government. However, the ultimate determination of reasonableness under the Fourth Amendment is a question of law and is reviewed de novo under the totality of circumstances.

*United States v. Basham*, 268 F.3d 1199, 1203 (10th Cir. 2001). Defendant asserts the arrest warrant lacked probable cause. "In determining whether a search warrant is supported by probable cause, this court reviews the sufficiency of the affidavit upon which a warrant is issued by looking at the totality of the circumstances and simply ensuring that the magistrate had a substantial basis for concluding that probable cause existed." *United States v. Cooper*, 654 F.3d 1104, 1124 (10th Cir. 2011) (quotation marks omitted). "Probable cause means that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. (quotation marks omitted). In this case, the district court

found "the arrest warrant was supported by probable cause." (Appellant's App. vol. 1 at 131.) After a thorough review of the affidavit supporting the warrant, we agree.

Defendant argues the district court erred in denying him a *Franks* hearing on his motion to suppress. A defendant is entitled to a *Franks* hearing if he "makes substantial showing that the affidavit contains intentional or reckless false statements and if the affidavit, purged of its falsities, would not be sufficient to support a finding of probable cause." *United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997) (citing *Franks.*). Further, "the standards of deliberate falsehood and reckless disregard set forth in *Franks* apply to material omissions, as well as affirmative falsehoods." *Id*. (quotation marks omitted). "A defendant's allegations must be accompanied by an offer of proof." *Cooper*, 654 F.3d at 1128. "Defendants must point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Id*. (quotation marks omitted).

"This court has not adopted a standard of review for the denial of a *Franks* hearing but other Circuit Courts of Appeals apply either a clear error standard or a de novo standard." *Id*. (quotation marks and alterations omitted). Even under the higher de novo standard, Defendant did not merit a *Franks* hearing.

Defendant's affidavit in support of his motion to suppress offered no statements from witnesses and no other offer of proof other than his own account, most of which confirmed the details in Investigator Ring's affidavit supporting the arrest warrant. We agree with the district court that Defendant failed to make a substantial showing that false statements were included or material facts omitted in the affidavit. Defendant was therefore not entitled to a *Franks* hearing.

As for Defendant's appeal of the district court's denial of his motion to withdraw his guilty plea, we turn to Fed. R. Crim. Proc. 11(d)(2)(B). A defendant may withdraw a plea after it has been accepted but before the court imposes sentence if he can show "a fair and just reason for requesting the withdrawal." *Id*. We review the district court's denial of a motion to withdraw under an abuse of discretion standard, looking to seven factors to determine whether the defendant showed a "fair and just" reason. *United States v. Graham*, 466 F.3d 1234, 1238 (10th Cir. 2006).[1] Based on these factors, we hold the district court did not abuse its discretion in denying Defendant's motion, which was premised on his mistaken assumption the court had denied his right to appeal.

Defendant also argues the district court lacked jurisdiction over the offense.

---

[1] The seven factors are: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion to withdraw, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Graham*, 466 F.3d at 1238-39.

However, as appellate counsel correctly notes, Defendant has not articulated any non-frivolous basis to challenge the district court's jurisdiction.

As to Defendant's sentence, Defendant argues the district court promised him a three-point reduction for acceptance of responsibility rather than the two-point reduction he ultimately received. Pursuant to U.S.S.G. § 3E1.1, after applying a two-level adjustment for acceptance of responsibility, a district court may apply an additional acceptance-of-responsibility adjustment only upon the government's motion, or, if the government refuses to file a motion, if the district court concludes "the refusal was (1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end." *United States v. Moreno-Trevino*, 432 F.3d 1181, 1186 (10th Cir. 2005) (quotation marks omitted). Because the government did not file a § 3E1.1 motion and there is no evidence that this refusal was improper, we have no authority to review this issue. *See id.* Moreover, we note the record does not support Defendant's contention that the district court promised a three-point reduction. As to the sentence in general, we see no error in the district court's calculation of the applicable sentencing guidelines range, and we see no basis by which Defendant could rebut the presumption of reasonableness attached to his within-guidelines sentence. *See United States v. Thompson*, 518 F.3d 832, 866-67 (10th Cir. 2008).

Finally, Defendant argues he received ineffective assistance of counsel. However, "the preferred avenue for challenging the effectiveness of counsel in a

federal criminal case [i]s via collateral attack," *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993), and we are persuaded this case falls within our general rule against resolving ineffective assistance claims on direct appeal.

There are two other issues counsel's *Anders* brief does not discuss. First, Defendant includes in his multiple lengthy and disconnected submissions a request to remand to the district court for "Brady violation[s]" that his counsel allegedly caused by withholding evidence. (Def's Supp. Br. at 2.) Defendant argues in general he has not received certain discovery items and is therefore disadvantaged. Defendant misunderstands the *Brady v. Maryland*, 373 U.S. 83 (1963), standard. "To establish a *Brady* violation, the defendant must prove that the prosecution suppressed evidence, the evidence was favorable to the defense, and the evidence was material." *United States v. Erickson*, 561 F.3d 1150, 1163 (10th Cir. 2009). Defendant, though, alleges his *counsel* has withheld evidence. *Brady* does not apply. Second, Defendant requests remand to the district court to decide a motion to dismiss for newly discovered evidence he submitted to the district court during the pendency of this appeal. Specifically, Defendant argues he has new evidence the that Texas sheriff's office knew the victim of the Texas murder was alive after witnesses saw him with Defendant. We have reviewed the submitted evidence and conclude no remand is necessary.

Our thorough review of the record persuades us that Defendant can raise no meritorious issue on appeal. We therefore **GRANT** counsel's motion to withdraw

and **DISMISS** the appeal.  We **DENY** all other pending motions.

Entered for the Court


Monroe G. McKay
Circuit Judge