**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

WILLIAM KEVIN KNITTEL,

      Defendant – Appellant.

No. 14-6005
(D.C. Nos. 5:13-CV-01251-R and
5:10-CR-00096-R-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **MCKAY,** and **MATHESON**, Circuit Judges.

Petitioner William K. Knittel, a federal prisoner appearing pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his 28

U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C.

---

    * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] We therefore construe Mr. Knittel's filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

§ 2253(c)(1)(B) (requiring a COA to appeal an order denying a § 2255 petition).  Mr. Knittel also requests leave to proceed *in forma pauperis* ("*ifp*").  Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

# I.  BACKGROUND

## A.  *Factual Background*

On October 30, 2008, a Texas state court issued an arrest warrant for Mr. Knittel on a charge of first-degree murder.  *See United States v. Knittel*, 462 F. App'x 844, 845 (10th Cir. 2012) (unpublished).  A Texas sheriff's department issued an all-points-bulletin ("APB") to law enforcement offices across the country for Mr. Knittel's arrest, noting that Mr. Knittel was believed to be en route to Oklahoma.  *Id.* at 845-86.

On November 9, 2008, an Oklahoma police officer recognized Mr. Knittel's car based on information provided in the APB and pulled him over.  *Id.* at 846.  Mr. Knittel, who had previously been convicted of a felony, admitted to the officer he had a gun in his car.  After arresting Mr. Knittel, the officer found the gun loaded with six rounds of ammunition inside the car.  *Id.*

## B.  *Procedural Background*

### 1.  **Plea and Sentencing**

On March 16, 2010, a federal grand jury in Oklahoma indicted Mr. Knittel on one count of felony possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g).

Court-appointed counsel represented Mr. Knittel through pre-trial proceedings, though Mr. Knittel repeatedly complained about his representation. *See Knittel*, 462 F. App'x at 846. "At one point, the district court allowed [Mr. Knittel] to proceed pro se, with appointed counsel acting as standby." *Id.*

Acting pro se, Mr. Knittel entered a conditional guilty plea, reserving the right to appeal (1) the district court's denial of his motion to suppress; (2) the district court's exercise of subject matter jurisdiction; and (3) the issue of whether he received effective assistance of counsel. *See id.* at 845.

Mr. Knittel appeared pro se at a sentencing hearing on March 28, 2011. After the hearing, Mr. Knittel was sentenced to 96 months in prison.

2. **Direct Criminal Appeal**

On appeal, Mr. Knittel's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), explaining why he believed there were no colorable grounds for an appeal and requesting leave to withdraw as counsel.

This court agreed that Mr. Knittel had failed to raise a meritorious issue and dismissed Mr. Knittel's appeal. *See Knittel*, 462 F. App'x at 847. Among other arguments, we rejected Mr. Knittel's contention that the district court erred in denying him a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 171 (1978), to challenge alleged falsehoods in the affidavit supporting the Texas warrant that led to his arrest. *See id.*

3. **Federal Habeas Proceeding**

After his unsuccessful appeal, Mr. Knittel filed a 28 U.S.C. § 2255 motion to vacate his sentence. In his § 2255 motion, Mr. Knittel raised four grounds for relief. Mr. Knittel argued the trial court (1) improperly denied him counsel at the critical stage of sentencing; (2) improperly interjected itself in plea bargaining and misled him as to whether it would grant a reduction under the Sentencing Guidelines for acceptance of responsibility; and (3) erred in denying him a *Franks* hearing. In addition, Mr. Knittel argued (4) his trial counsel was ineffective because he failed to (a) investigate facts related to the Texas murder case, (b) give Mr. Knittel correct information about the Sentencing Guidelines, and (c) share with Mr. Knittel a psychological evaluation that figured into sentencing. *See United States v. Knittel*, No. 5:13-CV-01251-R, at *1-2 (W.D. Okla. Dec. 20, 2013), ECF No. 2 [hereinafter Dist. Ct. Order].

The district court held that three of Mr. Knittel's claims—denial of counsel, improper plea bargaining, and ineffective assistance—failed on the merits. The district court also held that Mr. Knittel's *Franks* hearing claim was procedurally barred because it had already been decided on direct review.

Mr. Knittel filed a timely request for COA.

## II. **DISCUSSION**

Mr. Knittel may not appeal the district court's denial of his § 2255 motion without a COA. To obtain a COA, Mr. Knittel must make "a substantial showing of the denial of

a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  To make this showing, Mr. Knittel must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that issues presented were adequate to deserve encouragement to proceed further."  *Slack*, 529 U.S. at 484 (quotations omitted).

Because the district court rejected Mr. Knittel's *Franks* claim on procedural grounds, Mr. Knittel must demonstrate with respect to that claim "both that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (quoting *Slack*, 529 U.S. at 484).

In his application for COA, Mr. Knittel reasserts the same four claims that he presented in his § 2255 petition at the district court.[2]  We address each of these claims in turn.

---

[2] Mr. Knittel also argues that the district court "demonstrated a clear prejudice against" him by "failing to file" motions Mr. Knittel had submitted.  Pet. Br. at 2.  Mr. Knittel appears not to have raised this issue in his § 2255 petition before the district court, and the district court order denying his petition does not address this issue.  Therefore, we do not address it on appeal.  *See Stouffer v. Trammell*, 738 F.3d 1205, 1222 n.13 (10th Cir. 2013).

## A. *Denial of Counsel at Sentencing*

First, Mr. Knittel contends the trial court improperly denied him counsel at the critical stage of sentencing. Specifically, Mr. Knittel argues that because his court-appointed counsel was ineffective, the trial court should have "substituted" counsel for him. Pet. Br. at 2. He also argues the trial court should have inquired under *Faretta v. California*, 422 U.S. 806 (1975), as to whether his waiver of counsel at the sentencing stage was knowing and intelligent.

In its order denying Mr. Knittel's § 2255 petition, the district court decided that Mr. Knittel "was not *denied* assistance of counsel at his sentencing. Rather, he repeatedly *refused* the assistance of counsel, despite being warned of the potential consequences." Dist. Ct. Order at 2. The district court pointed to several instances in which the trial court cautioned Mr. Knittel against proceeding pro se, but Mr. Knittel insisted he was "done with" his counsel and did not "want him anywhere around" him. *Id.*

The Sixth Amendment right to counsel may only be waived "knowingly and intelligently." *Faretta*, 422 U.S. at 835 (quotations omitted). However, "a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation." *Id.* Instead, the defendant must "be made aware of the dangers and disadvantages of self-representation" and nonetheless affirmatively choose to proceed pro se. *Id.*

In this instance, the trial court repeatedly warned Mr. Knittel of these dangers, and Mr. Knittel refused to work with his court-appointed counsel. Crucially, the court again cautioned Mr. Knittel at sentencing, saying "I've urged you many times to consult [counsel]," and again asked whether Mr. Knittel wanted to proceed pro se. Dist. Ct. Order at 2. Mr. Knittel responded: "I don't want [counsel] anywhere around me." *Id.* The record thus belies Mr. Knittel's assertion that the court should have conducted an additional *Faretta* inquiry at sentencing.

Mr. Knittel's argument that the trial court should have substituted counsel for him is also unavailing. "[T]he right to assistance of counsel does not imply the absolute right to counsel of one's choice." *United States v. Weninger*, 624 F.2d 163, 166 (10th Cir. 1980).

Reasonable jurists would not debate the district court's conclusion that, in these circumstances, the trial court did not deny Mr. Knittel his right to counsel. Accordingly, we deny COA on this claim.

B. *Improper Plea Bargaining*

Mr. Knittel next contends the trial court misled him at his plea hearing as to whether it would grant a reduction under the United States Sentencing Guidelines (the "Sentencing Guidelines" or "Guidelines") for acceptance of responsibility. According to Mr. Knittel, the trial court led him to believe it would apply a three-point reduction, though it ultimately applied a two-point adjustment instead. *See* Pet. Br. at 2. Mr.

Knittel now argues that this misinformation constituted improper plea bargaining, as he pled guilty while assuming that he would receive a three-point reduction.[3]

As the district court's order denying Mr. Knittel's habeas petition explains, the trial court specifically told Mr. Knittel that any potential acceptance-of-responsibility reduction was not guaranteed. When Mr. Knittel asked at the plea hearing if he would receive the reduction, the court responded:

> That would be up to me to decide, and . . . whether or not the government objects to it, if I decide it, it's in my discretion. I would have to wait until the presentence report, and I can't tell you that in advance. I will just have to wait and see . . . if I'm satisfied you've accepted responsibility for your acts.

Dist. Ct. Order at 3. Furthermore, this court has previously stated that "the record does not support [Mr. Knittel's] contention that the district court promised a three-point reduction." *Knittel*, 462 F. App'x at 848.

In these circumstances, reasonable jurists could not debate the district court's conclusion that "nothing in the record supports [Mr. Knittel's] claim that anything the Court said was a deciding factor in his decision to enter into a plea bargain." Dist. Ct.

---

[3] Mr. Knittel argued in his direct appeal that the trial court had promised him a three-point reduction for acceptance of responsibility, and we rejected this argument. *See Knittel*, 462 F. App'x at 848. It appears, however, that Mr. Knittel's argument on direct appeal constituted a challenge to his *sentence*, whereas he now alleges the trial court improperly engaged in *plea bargaining* by misleading him as to the extent of the acceptance-of-responsibility reduction he would receive. Construing Mr. Knittel's pleadings liberally, as we must, we conclude he is not procedurally barred from raising his current objection to the trial court's handling of the acceptance-of-responsibility adjustment.

Order at 3 (quotations omitted).  The record indicates the trial court properly alerted Mr. Knittel that he may or may not receive an acceptance-of-responsibility reduction.  We therefore deny COA on this claim.

## C.  **Franks** *Hearing*

Next, Mr. Knittel argues the trial court erred by refusing to conduct a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to challenge alleged falsehoods in the Texas arrest warrant affidavit that led to his apprehension.  A defendant is entitled to a *Franks* hearing if he "makes a substantial showing that the affidavit contains intentional or reckless false statements and if the affidavit, purged of its falsities, would not be sufficient to support a finding of probable cause."  *United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997).

As the district court noted in its order denying Mr. Knittel's § 2255 petition, Mr. Knittel raised his *Franks* hearing claim on direct appeal, and we decided then that Mr. Knittel "did not merit a *Franks* hearing" because he failed to make a substantial showing that the arrest affidavit was false.  *Knittel*, 462 F. App'x at 847-48.

The district court correctly held that because this claim was raised and decided on direct appeal, Mr. Knittel is procedurally barred from raising it in his habeas petition.  *See Abernathy v. Wandes*, 713 F.3d 538, 549-50 (10th Cir. 2013).

Mr. Knittel has failed to persuade us that "jurists of reason would find it debatable whether the district court was correct in [this] procedural ruling." *Clark*, 468 F.3d at 713 (quotations omitted). We therefore deny COA on this claim.

D. *Ineffective Assistance of Counsel*

Finally, Mr. Knittel argues his counsel was ineffective because he (1) failed to investigate facts related to the Texas murder case and (2) misinformed Mr. Knittel about the Sentencing Guidelines.[4]

To establish a Sixth Amendment violation for ineffective assistance of counsel, a petitioner must establish that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance resulted in prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. A petitioner must overcome a strong presumption that counsel's representation was reasonable with evidence that counsel made errors so serious as to violate the defendant's

---

[4] Mr. Knittel's § 2255 petition before the district court also included a claim that his counsel failed to give him a report of a psychological examination that was relevant to sentencing. Mr. Knittel has not raised this additional ineffective assistance claim on appeal, and therefore we do not address it here.

Sixth Amendment right to counsel. *See Harrington v. Richter*, 131 S. Ct. 770, 787 (2011).

As to prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 131 S. Ct. at 792 (citing *Strickland*, 466 U.S. at 693).

If a petitioner is unable to show either "deficient performance" or "sufficient prejudice," the ineffective assistance claim "necessarily fails." *Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010) (quotations omitted).

1. **Failure to Investigate Texas Murder Case**

Mr. Knittel contends his counsel was deficient because he failed to investigate facts surrounding the murder investigation in Texas that ultimately led to Mr. Knittel's arrest. Mr. Knittel appears to argue that the affidavit supporting the Texas arrest warrant was falsified based on information from a confidential informant. He contends his counsel should have investigated this issue and filed pre-trial motions on Fourth Amendment grounds, ostensibly to obtain a *Franks* hearing.

We agree with the district court that even if Mr. Knittel's counsel's performance was deficient, Mr. Knittel has not demonstrated that he was prejudiced by his counsel's failure to investigate the facts surrounding the murder investigation in Texas. As the district court noted, the facts of the Texas murder case were irrelevant to Mr. Knittel's

federal prosecution for being a felon in possession of a firearm and ammunition. *See* Dist. Ct. Order at 4. In addition, Mr. Knittel fails to show either (1) that he would have been granted a *Franks* hearing if his counsel had inquired into the Texas murder investigation or (2) that he would have been successful in a *Franks* hearing in any case.

In these circumstances, reasonable jurists could not debate the district court's conclusion that Mr. Knittel "has wholly failed to show that the result would have been different" but for his counsel's errors, Dist. Ct. Order at 4, as he is required to do to establish prejudice under *Strickland*, 466 U.S. at 694. We therefore deny COA on this issue.

## 2. **Misinformation about Sentencing Guidelines**

Mr. Knittel also argues that his counsel was deficient because he inaccurately predicted Mr. Knittel's criminal history calculation under the Sentencing Guidelines.[5] We agree with the district court that Mr. Knittel has failed to demonstrate either (1) deficient performance or (2) prejudice on this issue.

First, our general rule is that "a miscalculation or erroneous sentence estimation by a defense counsel is not a constitutionally deficient performance rising to the level of

---

[5] Although Mr. Knittel's appellate brief only raises this argument in passing, Mr. Knittel originally raised this claim in his § 2255 petition before the district court and does revive it on appeal. *See* Pet. Br. at 21 ("Are you telling me, standby counsel does not have an ethical obligation to inform defendant of what the statutes say, concerning sentencing guidelines."); *see also id.* at 25 (describing what Mr. Knittel's counsel had told him about the Guidelines).

ineffective assistance of counsel." *United States v. Washington*, 619 F.3d 1252, 1258-59 (10th Cir. 2010) (quotations omitted).

Second, even if Mr. Knittel's counsel was deficient on this score, Mr. Knittel fails to show a reasonable probability of a different result if his counsel had correctly calculated his criminal history. Mr. Knittel acknowledged at his plea hearing that he understood the trial court, not his counsel, would determine his Guidelines sentence. *See* Dist. Ct. Order at 4-5. Thus, he fails to show how he was prejudiced by his counsel's sentencing miscalculation. *See United States v. Taylor*, 454 F.3d 1075, 1080 (10th Cir. 2006) ("Here, even if we assume that counsel's performance was deficient in estimating the sentencing range, Mr. Taylor has not shown that he was prejudiced by the failure.").

Jurists of reason could not debate the correctness of the district court's holding that Mr. Knittel is not entitled to relief on this claim. We therefore deny COA on this issue.

## III. **CONCLUSION**

We deny Mr. Knittel's request for a COA and dismiss this matter. We also deny Mr. Knittel's motion to proceed *ifp*.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge

- 13 -