**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 14-2186 |
| | (D.C. No. 5:13-CR-00325-JB-1) |
| JESUS JOSE ORNELAS-YANEZ, | (D. N.M.) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **EBEL**, and **BACHARACH**, Circuit Judges.

The government has moved to enforce the plea agreement it entered into with

Jesus Jose Ornelas-Yanez.  Mr. Ornelas-Yanez pleaded guilty pursuant to a written

plea agreement to possession with intent to distribute 500 grams or more of

methamphetamine.  Under the terms of the plea agreement, he waived his right to

appeal his "conviction(s) and any sentence, including any fine, at or under the

maximum statutory penalty authorized by law."  Mot. to Enforce, Ex. 1, at 8, ¶ 13.

---

[*]      This panel has determined that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Ornelas-Yanez acknowledged in the plea agreement that the maximum prison sentence the court could impose was "for a period of not less than 10 years nor more than life imprisonment." *Id.* at 2, ¶ 4.a. The court accepted the plea agreement and sentenced Mr. Ornelas-Yanez to 121 months' imprisonment, which was below the statutory maximum. Despite the appeal waiver in his plea agreement, Mr. Ornelas-Yanez filed an appeal.

The government moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). *Hahn* requires enforcement of an appeal waiver if (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) the defendant "knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id*. at 1325. The exception for miscarriage of justice applies in only four situations: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327.

In his counselled response to the government's motion, Mr. Ornelas-Yanez argues that enforcement of the appeal waiver would result in a miscarriage of justice because his trial counsel provided ineffective assistance in the negotiation of the waiver. Specifically, he argues that, in light of the parties' "vigorous dispute about sentencing issues," "effective counsel would have reserved Mr. Ornelas's right to an

appeal, rather than waive that right, which, if enforced, would preclude appellate review of the sentencing issues." Resp. to Mot. to Enforce at 2. Mr. Ornelas-Yanez correctly notes that ineffective assistance in the negotiation of a plea agreement cannot, itself, be waived in the plea agreement. *See United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001) ("[A] claim of ineffective assistance of counsel in connection with the negotiation of a [plea] agreement cannot be barred by the agreement itself." (second alteration in original) (internal quotation marks omitted)).

Nonetheless, "a defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review. This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (citation omitted). This court will consider an ineffective-assistance-of-counsel claim on direct appeal only in "rare instances," such as "where the record is sufficient, or where the claim simply does not merit further factual inquiry." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Mr. Ornelas-Yanez recognizes this general principle, but argues that it would be "a far more efficient use of judicial resources to remand for the limited purpose of developing a factual record on the discrete and narrowly-circumscribed issue of ineffective assistance of counsel" than to require Mr. Ornelas-Yanez to bring a claim for ineffective assistance of counsel in a collateral proceeding. Resp. to Mot. to Enforce at 4-5. We see no reason to deviate

from our general rule in this instance, however.  So Mr. Ornelas-Yanez cannot raise his claim of ineffective assistance of counsel on direct appeal.

Mr. Ornelas-Yanez does not otherwise challenge the government's motion to enforce.  He neither argues that his appellate issues are outside the scope of the waiver nor that his waiver was not knowing and voluntary.  We, therefore, need not address these issues.  *See Porter*, 405 F.3d at 1143.

The government's Motion to Enforce Appellate Waiver in Plea Agreement is granted, and the appeal is dismissed.

Entered for the Court
Per Curiam
