FILED
United States Court of Appeals
Tenth Circuit

May 24, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAN B. HAMILTON,

      Petitioner – Appellant,

v.

DON BIRD, Pitkin County Jail; D.
MULDOON, Captain, Fairplay, CO; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

      Respondents - Appellees.

Nos. 15-1400, 15-1433, 15-1488
(D.C. Nos. 1:15-CV-01691-LTB,
1:15-CV-01791-LTB and
1:15-CV-01792-LTB)
(D. Colorado)

_____

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]
_____

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

While incarcerated at the Pitkin County Jail in Colorado,[1] pro se petitioner Jan

Hamilton appealed dismissal orders in three separate cases before the United States

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Ms. Hamilton was incarcerated at the time she filed her habeas petitions, but she has since been released. Although a person must be "in custody" to obtain relief under § 2254, Ms. Hamilton was also sentenced to five years' probation in Case Nos. 15-1433 and 15-1488. Such "[p]robationary status is sufficiently 'in custody' pursuant to section 2254 to permit habeas relief." *Olson v. Hart*, 965 F.2d 940, 942–43 (10th Cir. 1992), *superseded by statute on other grounds*, Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847, *as recognized in*

District Court for the District of Colorado. In each order, the district court denied Ms. Hamilton's petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and denied Ms. Hamilton's requests for a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(A).

## I.    BACKGROUND

In each of her three appeals, Ms. Hamilton alleges her underlying convictions were based on false accusations by "religious extremists" who discriminated against her based on her sexual orientation. Ms. Hamilton also raises other arguments in the individual cases that are discussed below.

### A. *Case No. 15-1400*

In Case No. 15-1400, Ms. Hamilton seeks a COA to challenge her conviction in Case No. 14M143 in Pitkin County Court (First Conviction), which was based on her guilty plea to four misdemeanors: one count of harassment and three counts of violating a protective order. The county court sentenced Ms. Hamilton to four

---

*Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011). In Case No. 15-1400, Ms. Hamilton was sentenced only to a term of imprisonment without probation. But even where a petitioner is unconditionally released, if she faces "collateral consequences" resulting from a conviction, the case is not moot. *See Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968). And we have recognized "the possibility of collateral consequences arising from a misdemeanor conviction, such as the chance that a later sentence might be enhanced because of an earlier misdemeanor conviction or that such a conviction could be used in some jurisdictions to impeach the petitioner in later proceedings," and such possibility "is sufficient to overcome mootness." *Oyler v. Allenbrand*, 23 F.3d 292, 294 (10th Cir. 1994). Thus, because Ms. Hamilton may face similar collateral consequences resulting from her misdemeanor convictions, her case is not moot.

months' imprisonment on each count, to run consecutively, for a total of sixteen months.

In her first effort to appeal, Ms. Hamilton sought relief directly from the United States Supreme Court, by sending a letter to Justice Ginsburg describing the events leading to her arrests and convictions in her various cases.

In addition, Ms. Hamilton attempted to appeal her First Conviction directly to the Colorado Supreme Court. In her notice of appeal, Ms. Hamilton claimed her conviction was "due to the outrageous sexual orientation discrimination of her Lesbian lifestyle" and explained that fellow parishioners at her church demanded she "undergo 'Conversion Therapy' to []cure her of being a Lesbian." Ms. Hamilton also filed a "Writ of Certiorari," seeking "all damages, losses and attorneys fees commensurate with Colorado State Law" and "further request[ing] that the Colorado Supreme Court rule 'Conversion Therapy' . . . to be unconstitutional." The Colorado Supreme Court dismissed Ms. Hamilton's appeal for lack of jurisdiction on May 7, 2015, because Ms. Hamilton sought review of a county-court judgment, which must be appealed first to the district court.

On July 24, 2015, Ms. Hamilton, with the assistance of counsel, filed an appeal with the Pitkin County District Court. Ms. Hamilton's counsel identified different grounds than those Ms. Hamilton has advanced in her pro se filings. In particular, counsel argued (1) the government failed to prove beyond a reasonable doubt that Ms. Hamilton violated a protective order and (2) the trial court erred by failing to require a competency evaluation for Ms. Hamilton. Nothing in the record shows whether the Pitkin County District Court has ruled on Ms. Hamilton's appeal.

3

On July 30, 2015, Ms. Hamilton filed a pro se Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, in the United States District Court for the District of Colorado, in an action where she had already filed a civil complaint under 42 U.S.C. § 1983. Because Ms. Hamilton may not pursue civil rights and habeas claims in the same action, the district court opened a new case to address the habeas petition. The district court determined the petition failed to comply with Rule 8 of the Federal Rules of Civil Procedure and therefore ordered Ms. Hamilton to amend her petition.

After giving Ms. Hamilton multiple opportunities to amend, the district court dismissed Ms. Hamilton's habeas petition for failure to comply with Rule 8 and for failure to exhaust state remedies. As the district court explained, "Ms. Hamilton's [Second Amended] Application is sometimes unintelligible and otherwise fails to set forth facts supporting a claim for relief that is actionable in a habeas corpus proceeding." More specifically, "Ms. Hamilton asserts that various persons violated state and federal criminal laws, but she does not allege any facts to show that her state court conviction is invalid under federal law." In addition, Ms. Hamilton did not establish that she had exhausted her state appeals before seeking federal habeas relief.

## B. *Case No. 15-1433*

In Case No. 15-1433, Ms. Hamilton seeks a COA to appeal her conviction in Case No. 10CR76 in Pitkin County Court (Second Conviction), where she pled guilty to a single misdemeanor for violating a protective order. On August 10, 2015, Ms. Hamilton filed a § 2254 habeas petition with the District of Colorado. Ms. Hamilton indicated she had appealed her Second Conviction to the Colorado Court of Appeals,

4

the Colorado Supreme Court, and the United States Supreme Court. Although Ms. Hamilton alleged that her appeals to the Colorado Supreme Court were denied, she acknowledged her appeal to the Colorado Court of Appeals is still pending.

The district court dismissed Ms. Hamilton's case on multiple grounds. First, it concluded that Ms. Hamilton's habeas petition failed to comply with Rule 8. Second, the district court ruled Ms. Hamilton failed to state a viable claim under § 2254. Finally, the district court reminded Ms. Hamilton of the requirement to exhaust her state-court remedies.

### C. *Case No. 15-1488*

In Case No. 15-1488, Ms. Hamilton seeks a COA to challenge her conviction in Case No. 11CR38 in Pitkin County Court (Third Conviction), where she pled guilty to a single misdemeanor for violating a protective order. On August 19, 2015, Ms. Hamilton filed a § 2254 habeas petition with the District of Colorado. In her petition, Ms. Hamilton indicated that she filed a direct appeal of her Third Conviction with the Colorado Court of Appeals and the Colorado Supreme Court, and both appeals were resolved on March 2, 2015. Ms. Hamilton also stated she initiated post-conviction proceedings with the Colorado Supreme Court, but this petition had been denied on March 2, 2015.[2]

---

[2] In her § 2254 petition, Ms. Hamilton identifies both a direct appeal and postconviction proceedings, but she states both were denied on March 2, 2015. Ms. Hamilton has not provided a copy of any decision from the Colorado appellate courts. Thus, it is unclear whether Ms. Hamilton filed a direct or postconviction appeal, or both.

Although the district court questioned whether Ms. Hamilton had complied with Rule 8, it was "able to discern" three claims in her § 2254 petition related to her Third Conviction:

> (1) violation of [Ms. Hamilton's] Fourteenth Amendment equal protection rights based on her sexual orientation; within this claim, she includes conclusory allegations of malicious prosecution, cruel and unusual punishment, excessive bail, no speedy trial, false imprisonment, and lack of jurisdiction; (2) violation of [Ms. Hamilton's] First Amendment right to freedom of religion pursuant to a conspiracy between Aspen police officers and private parties; [and] (3) failure to enforce state criminal statutes.

The district court concluded Ms. Hamilton had waived any claim of constitutional deprivations when she pled guilty to violating a protective order. The district court further determined that, to the extent Ms. Hamilton challenged her guilty plea, she failed to allege facts showing she had exhausted this issue in the state court. And to the extent Ms. Hamilton asserted civil rights violations related to her confinement, the district court ruled that Ms. Hamilton could not assert such claims in her habeas action. Finally, the district court concluded Ms. Hamilton's argument that the state court lacked jurisdiction to convict her was a question of state law, which may not be raised under § 2254. The district court therefore dismissed Ms. Hamilton's petition and denied her request for a COA.

## II. DISCUSSION

A state prisoner must obtain a COA as a jurisdictional prerequisite to challenge a federal district court's denial of habeas corpus relief. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has

6

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court rejects the petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where the district court dismisses on procedural grounds, our review "has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484–85. "[A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.

Because Ms. Hamilton is proceeding pro se, we construe her filings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), "but our role is not to act as h[er] advocate," *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). Indeed, we limit our review to "an overview of the claims in the habeas petition and a general assessment of their merits" rather than "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El*, 537 U.S. at 336.

7

## A. *Case No. 15-1400*

In Case No. 15-1400, Ms. Hamilton raises several arguments to challenge her First Conviction. First, Ms. Hamilton maintains that her conviction stemmed from disputes with parishioners at the First Baptist Church in Aspen, and that the Pitkin County Court did not have jurisdiction to interfere with such ecclesiastical matters. Ms. Hamilton also argues her underlying convictions violated multiple constitutional rights because the convictions were based on improper sexual-orientation discrimination. Finally, Ms. Hamilton asserts her trial counsel was ineffective when he "fail[ed] to investigate disingenuous reports," failed to interview witnesses, and failed to introduce evidence that there was no protective order in place at the time of Ms. Hamilton's arrest. We do not address the merits of Ms. Hamilton's claims because we agree with the district court that she must exhaust her state remedies before seeking federal habeas relief.

"[A] state prisoner bringing a federal habeas corpus action bears the burden of showing that [s]he has exhausted available state remedies," which requires a showing that "a state appellate court has had the opportunity to rule on the same claim presented in federal court." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Here, there is no evidence in the record demonstrating that a Colorado appellate court has ruled on any of the above claims. Ms. Hamilton was convicted in the Pitkin County Court and attempted to appeal her conviction directly to the Colorado and United States Supreme Courts. When those courts denied her appeals, and particularly when the Colorado Supreme Court explained that county-court decisions must first be appealed to a district court, Ms. Hamilton filed her appeal with the Pitkin County District Court. But Ms. Hamilton

has not produced evidence or even alleged that the Pitkin County District Court has reached a decision on her appeal.

Moreover, the claims Ms. Hamilton raised in her state appeal do not correspond with the claims she raises here. In her appeal to the Pitkin County District Court, Ms. Hamilton argued only that the government failed to prove beyond a reasonable doubt that Ms. Hamilton violated a protective order and the trial court erred by failing to require a competency evaluation for Ms. Hamilton. With respect to her first argument, Ms. Hamilton argued there was no protective order in place when she was arrested for violating a protective order, and she asserts the same as part of her ineffective-assistance claim here. But this is the only ground that Ms. Hamilton has raised both here and in her appeal to the Pitkin County District Court. Her remaining claims have not been presented in an appeal to a Colorado state court. And without a decision from the Colorado courts on the same claims raised in her federal cases, Ms. Hamilton has not exhausted her state-court remedies. Accordingly, we dismiss Ms. Hamilton's appeal and deny her request for a COA with respect to her First Conviction.[3]

### B. *Case No. 15-1433*

Ms. Hamilton's claims in Case No. 15-1433 suffer from similar exhaustion defects. Ms. Hamilton seeks a COA to challenge her Second Conviction on a single count of violating a protective order. Ms. Hamilton alleges she was illegally arrested and incarcerated for over two years before trial. She also claims judges and other

---

[3] We also deny Ms. Hamilton's Motion to Reconsider Denial of Appointed Counsel, and her Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, which she filed in Case No. 15-1400.

court staff ignored her complaints of corruption and discrimination by the Aspen Police Department. Although Ms. Hamilton pled guilty to the charge of violating a protective order, she contends her plea was based on ineffective assistance of counsel—namely, Ms. Hamilton asserts her counsel "orchestrated" and "manipulated" her plea agreement.

In her § 2254 petition to the District of Colorado, Ms. Hamilton asserted that she appealed her conviction to the Colorado Court of Appeals, the Colorado Supreme Court, and the United States Supreme Court. Her appeals to the Colorado and United States Supreme Courts were dismissed. But Ms. Hamilton explicitly stated that her appeal to the Colorado Supreme Court is still pending. In the time since she filed her petition with the federal district court, Ms. Hamilton has not produced evidence or argued that the Colorado Court of Appeals has now denied her claims, nor has she established that she raised the same claims before the Colorado Court of Appeals that she raises here. We therefore dismiss Ms. Hamilton's appeal and deny her request for a COA, based on her failure to exhaust state remedies.[4]

## C. *Case No. 15-1488*

In Case No. 15-1488, Ms. Hamilton seeks a COA to appeal her Third Conviction, based on her guilty plea to one count of violating a protective order. In

---

[4] We also deny Ms. Hamilton's Habeas Corpus for Immediate Release from Illegal Custody Due to Lack of Jurisdiction of Secular Courts in Ecclesiastical Church Controversies; her Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees; and her Complaint to Disqualify Tim Tymkovich Chief Justice of the 10th Circuit Court of Appeals of the United States for Bias and Prejudice, which she filed in Case No. 15-1433.

her § 2254 petition filed with the District of Colorado, Ms. Hamilton indicated she filed a direct appeal with the Colorado Court of Appeals and the Colorado Supreme Court, and that both appeals were resolved on March 2, 2015. Ms. Hamilton also stated she initiated post-conviction proceedings with the Colorado Supreme Court, but this petition was also denied on March 2, 2015. Beyond stating that her appeals were denied, Ms. Hamilton has not provided a copy or description of any decision by the Colorado appellate courts. Accordingly, we cannot determine whether Ms. Hamilton raised the same claims in her state-court proceedings that she raises here.

But even if we read Ms. Hamilton's petition and briefing generously and assume she satisfied the exhaustion requirement, she has not shown that reasonable jurists could debate whether she has stated a valid claim for denial of her constitutional rights. The district court addressed multiple claims in Ms. Hamilton's § 2254 petition, which she reasserts on appeal. First, Ms. Hamilton claims many of her constitutional rights were violated as a result of sexual-orientation discrimination by private parties, Aspen police officers, and Colorado state court judges. Second, Ms. Hamilton alleges she was denied access to cancer treatment while incarcerated. Third, Ms. Hamilton claims that Colorado law enforcement and state courts failed to enforce state criminal statutes. Finally, Ms. Hamilton claims ineffective assistance of counsel, asserting that she pled guilty because she was manipulated by her counsel, the district attorney, and the trial court judge.

With respect to Ms. Hamilton's allegations of constitutional violations, she waived such claims when she pled guilty to the misdemeanor charge of violating a

11

protective order. *See United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003) ("[I]t is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses."). Indeed, "[w]hen a criminal defendant has solemnly admitted in open court that [s]he is in fact guilty of the offense with which [s]he is charged, [s]he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Criminal defendants who plead guilty "may only attack the voluntary and intelligent character of the guilty plea." *Id.*

Ms. Hamilton challenges the validity of her guilty plea based on ineffective assistance of counsel, but she has not identified any specific conduct by her counsel that could be considered ineffective. "We review a challenge to a guilty plea based on a claim of ineffective assistance of counsel using the two-part test announced in *Strickland v. Washington*." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). "Under this test, the defendant must show that his counsel's performance 'fell below an objective standard of reasonableness,' and that the deficient performance resulted in prejudice." *Id.* (citation omitted) (quoting *Strickland*, 466 U.S. 668, 688 (1984)). "To show prejudice in the guilty plea context, the defendant must establish that 'there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In other words, where a habeas petitioner challenges a guilty plea, she must establish that reasonable jurists could debate whether "there was a fair and just reason to withdraw [her] plea" and that, "absent counsel's failure to

12

[properly] advise him . . . , [s]he would have gone to trial." *United States v. Viera*, 674 F.3d 1214, 1219–20 (10th Cir. 2012) (internal quotation marks omitted).

Ms. Hamilton has not met this burden. She asserts that her counsel was ineffective and that her counsel manipulated her. But beyond these conclusory statements, Ms. Hamilton has not identified any specific facts or evidence to show that her counsel acted improperly or ineffectively in negotiating a plea agreement. Nor does Ms. Hamilton allege any facts to show that her guilty plea was not knowing and voluntary. And because Ms. Hamilton has not shown that she would have gone to trial if her counsel had not acted deficiently in advising her to accept the plea agreement, she cannot show prejudice. As a result, we deny her request for a COA on her ineffective-assistance claim.

With respect to Ms. Hamilton's claim that she was denied cancer treatment while incarcerated, this is a challenge to Ms. Hamilton's conditions of confinement. The district court correctly held that Ms. Hamilton may not assert such a claim in a habeas action; the proper avenue is an action under 42 U.S.C. § 1983. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). Similarly, Ms. Hamilton's allegations of failure to enforce state law cannot be asserted in a § 2254 case. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. . . . In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (internal quotation marks omitted)); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) ("[C]laims of state law violations are not cognizable in a federal

13

habeas action."). Because we cannot decide claims related to conditions of confinement and violations of state law in this habeas proceeding, we deny the request for a COA for these claims.[5]

### III.   CONCLUSION

Ms. Hamilton has not exhausted her state remedies for many of her claims, and she has not made a substantial showing of the denial of a constitutional right. We therefore deny her requests for COA and dismiss her appeals.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge

---

[5] We also deny Ms. Hamilton's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, and her Complaint to Disqualify Tim Tymkovich Chief Justice of the 10th Circuit Court of Appeals of the United States for Bias and Prejudice, which she filed in Case No. 15-1488.